# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**James W. Moody**

**: Vs. :**

**THE CITY OF PHILADELPHIA, et al.**

**CIVIL ACTION**

**No. 2:18-cv-02413**

## RESPONSE TO COURT ORDER:

Honorable Court, I am replying on my behalf, and on the behalf of others like myself that believe in what is Right and True, what is Just and Fair, and what is Good and Decent to all men of goodwill.

I am submitting my Complaint to which I JUST received notice of the Motion To Dismiss, Dated June 14, 2018 Certified Mail, However, the envelope was merely left among the junk mail as the Postman left the parcel without a signature or a notice (????). The August 23rd court order came in an equally unassuming and HIDDEN manner. IT was by mere chance or Providence that the court order was found, which led to the discovery of the 1st motion sent in June. With mere days to respond I am seeking my day in court and seek not to be denied through the machinations of Monsters masquerading as Men.

To this end I hope and Pray through the complaint and evidence provided that this Honorable Court takes up its' mantle as vanguard and purveyor of the Law. Defendants and those in league with them, know full well that I have no access to the Federal Court's electronic filing system and was

therefore NOT notified regarding this motion, Defendants also have my email and secondary email, yet failed to notify me. This was but a deliberate attempt to steal my Day in court... There is so, so much more but as time is not my ally in this moment I trust that this Honorable Court will do what is Good and Just...

Respectfully submitted

James W. Moody, Pro se

The Patron Of Philadelphia

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**James W. Moody**

**: Vs. :**

**THE CITY OF PHILADELPHIA, et al.**

**CIVIL ACTION**

**No. 2:18-cv-02413**

**COMPLAINT FOR DAMAGES**

**FOR UNLAWFUL REVOCATION OF LTCF**

**FOR WILLFUL ABUSE AND VIOLATION OF SECTION 6109**

**FOR VIOLATION OF PENNSYLVANIA'S LOCAL AGENCY LAW**

**FOR VIOLATION OF STATE DELEGATION OF POWERS**

**FOR VIOLATION OF STATE AND FEDERAL DUE PROCESS**

**FOR VIOLATION OF STATE AND FEDERAL EQUAL PROTECTION**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO KEEP AND BEAR ARMS**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO FREEDOM OF SPEECH AND EXPRESSION THEREOF**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO BE SECURE IN PERSON…AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY…TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION, TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM, TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, AND TO HAVE…FOR HIS DEFENSE**

**FOR VIOLATION OF A COMMON PLEAS COURT ORDER DOCKET NO. 121203785 SETTLEMENT AGREEMENT, AS ORDERED BY JUDGE JACQUELINE ALLEN**

**FOR HARASSMENT, MALICIOUS PROSECUTION, POLICE MISCONDUCT (GRADING), AND THE FALSIFICATION OF OFFICIAL DOCUMENTS AND FALSE CHARGES**

**FOR FAILURE TO PROVIDE A VALID BASIS FOR REVOCATION**

**FOR NO GOOD CAUSE EXISTS, PURSUANT TO SECTION 6109**

**FOR VIOLATION OF PENNSYLVANIA'S LOCAL AGENCY LAW**

**FOR VIOLATION OF STATE DELEGATION OF POWERS**

**FOR VIOLATION OF STATE AND FEDERAL DUE PROCESS**

**FOR VIOLATION STATE AND FEDERAL EQUAL**

**PROTECTION**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO KEEP AND BEAR ARMS**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO FREEDOM OF SPEECH AND EXPRESSION THEREOF**

**FOR VIOLATION OF STATE AND FEDERAL RIGHT TO BE SECURE IN PERSON...AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES**

**FOR CRIMINAL CONSPIRACY, PURSUANT SECTION 903.**

**FOR VIOLATION OF A COMMON PLEAS COURT ORDER DOCKET NO. 121203785 SETTLEMENT AGREEMENT, AS ORDERED BY JUDGE JACQUELINE ALLEN**

**FOR THEFT OF A FIREARM**

---

**James Moody, (Paul Moody)**: Plaintiff(s): : vs. : :  **City of Philadelphia and:(Commissioner Richard Ross Jr. and : The Gun Permit Unit of the Philadelphia : Police Department) : The Philadelphia Police Department : The Board Of Licenses & Inspections, and Bradford A. Richmond** Defendant(s): :

---

**THE CITY OF PHILADELPHIA AND ITS' AGENTS AND VARIOUS AGENCIES HAS MALICOUSLY CONSPIRED AND THROUGH SYSTEMATIC MALFEASANCE AND DERELICTION AND ABUSE OF CIVIL DUTIES AND POWERS, HAS SUBJECTED James W. Moody TO A MULTITUDE OF CIVIL VIOLATIONS. AMONG AND INCLUDING HIS 1ST, 2ND, 4TH, 5TH, 6TH, 13TH, AND 14TH AMENDMENT RIGHTS, AND THREATENED HIS WELFARE AND SAFETY ALSO IN EFFECT ABROGATING THEM IN A MANNER THAT HAS SUBJECTED HIM TO A CONDITION OF SLAVERY I.E. RESTRCTED FREEDOM.**

In support thereof, Mr. James W. Moody respectfully avers the following:

**PARTIES**

1. Plaintiff, James W. Moody (hereinafter "Mr. Moody") was, at all relevant times, an adult resident over the age of twenty-one (21) and a Citizen/resident of Philadelphia, Philadelphia County, Pennsylvania.

2. Defendant(s) City of Philadelphia (hereinafter "the City") was, at all relevant times, responsible for the appointment of Richard Ross Jr. to the office of Police Commissioner and the employ of the contingent of officers that willingly and willfully illegally and unlawfully violated Mr. Moody's rights, freedoms, and power's... as well as a direct court order in a deliberate and targeted abuse of

authority, power, and duty in the illegal and unlawful seizure/theft of Mr. Moody's License to Conceal Carry Firearms (hereinafter "LTCF") revocation and was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the affirmation of a revocation of LTCF, as well as the illegal and unlawful theft and seizure of his personal firearm at a secondary conspired targeted illegal unlawful stop at the behest of senior Police Officers and Bradford A. Richman. The City is a local Municipality pursuant to Act of Apr.21, 1949, P.L. 665, No.155 and 18 Pa.C.S.A. § 6109 and is charged with LTCF revocation.

3. Defendant, Police Commissioner Richard Ross Jr. (hereinafter "Commissioner Ross") was, at all relevant times, an adult individual, whom is the Police Commissioner of the Philadelphia Police Department and is thereby employed by, an agent of and vested decision making power for the Philadelphia Police Department by the City of Philadelphia, who was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance and revocation of LTCF, as well as responsible for the hiring, training and supervision of the Philadelphia Police Department and the Gun Permit Unit of the Philadelphia Police Department. The Chief of Police is charged with issuing and revoking LTCF in cities of the first class pursuant to 18 Pa.C.S.A. § 6109.

4. Defendant, the Philadelphia Police Department Gun Permit Unit (hereinafter "GPU") was, at all relevant times, a unit of the Philadelphia Police Department and, as such, was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance and revocation of LTCF The Philadelphia Police Department (hereinafter "PPD") is a local agency pursuant to 42 Pa.C.S.A. § 933 and is charged issuing Licenses to Conceal Carry Firearms pursuant to 18 Pa.C.S.A. § 6109.

5.  Defendant, Philadelphia Police Department was, at all relevant times, an agency of the City of Philadelphia and, as such, was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance and revocation of LTCF The Philadelphia Police Department (hereinafter "PPD") is a local agency pursuant to 42 Pa.C.S.A. § 933 and is charged issuing Licenses to Conceal Carry Firearms pursuant to 18 Pa.C.S.A. § 6109.

6. Defendant, Board of Licenses and Inspections was, at all relevant times, an agency of the City of Philadelphia and, as such, was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance, revocation, and hearings of LTCF. The Board of Licenses and Inspections (hereinafter "L&I"/ "Board") is a local agency pursuant to 42 Pa.C.S.A. § 933 and is charged issuing Licenses to Conceal Carry Firearms pursuant to 18 Pa.C.S.A. § 6109.

7. Defendant, Bradford A. Richmond (hereinafter " Mr. Richman") was, at all relevant times, an adult individual, whom is an attorney of the City of Philadelphia and is thereby employed by, an agent of and vested decision making power for the City of Philadelphia, who was involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance and revocation of LTCF, as well as responsible for supervision of the Philadelphia Police Department and the Gun Permit Unit of the Philadelphia Police Department regarding the circumstances involving Mr. James W. Moody. He is charged with issuing and revoking LTCF. (???pursuant to 18 Pa.C.S.A. § 6109. ???)


**JURISDICTION**

8. 18 Pa.C.S.A. § 6109(i) provides that "[a]n individual whose license [to conceal carry firearms] is revoked may appeal to

the court of common pleas for the judicial district in which
the individual resides."

9.  18 Pa.C.S. § 6114 provides, "The action of the chief of
police, sheriff, county treasurer or other officer under this
subchapter shall be subject to judicial review in the manner
and within the time provided by 2 Pa.C.S. Ch. 7 Subch. B
(relating to judicial review of local agency action)."

10. The Philadelphia Police Department is a local agency as
defined by 42 PA.C.S. § 933.

11. 2 Pa.C.S.A. § 752 provides that "[a]ny person aggrieved by
an adjudication of a local agency who has a direct interest in
such adjudication shall have the right to appeal therefrom to
the court vested with jurisdiction of such appeals by or
pursuant to Title 42 . . ."

12. 42 Pa.C.S.A. § 933(b) and (c) grant jurisdiction the Court of
Common Pleas to review the instant matter.

13. The Court of Common Pleas has ceded **ALL
JURISDICTION** in regards to these matters to The United
States District Court For The Eastern District Of
Pennsylvania.

---

**FACTS**

14.  Mr. Moody was issued a LTCF (#51-00036776) by the
GPU on February 29, 2016, pursuant to 18 Pa.C.S.A. § 6109.

15.  On May 11, 2016, Mr. Moody's LTCF was revoked by
Commissioner Ross and the GPU. *See* Revocation Notice,
attached hereto and incorporated herein as Exhibit A.

16.     The stated reason of the revocation was: "9999- Good Cause." *Id.* (…And has not been predicated upon Any said Laws or Ordinances.)

17.     The revocation stated in the additional information field "failure to produce  LTCF & placed officers and community in danger". (Has failed to produce a victim(s), injured party (ies), or any evidence thereof, in effect usurping the tenets of the 6th Amendment, as well as the 5th and 14th Amendments as were both his property and liberty were taken without Due process.

18.     The actual basis for the revocation is unknown, as the Notice of Revocation only states the legal basis and some nebulous additional information but fails to provide any specific, articulable factual basis, pursuant to Section 6109(e)(1), for the revocation and is in violation of the Commonwealth Court's holding in Caba v. Weaknecht, 64 A.3d 39 (Pa. Cmwlth. 2013). *Id.*

19.     Pursuant to Section 6109(i), an LTCF may *only* be revoked by the issuing authority for a reason set-forth in Section 6109(e)(1) "which occurs during the term of the permit."

20.     As the permit was issued on February 29, 2016, only a reason set-forth in Section 6109(e)(1) that occurred since February 29, 2016 can be the basis for revocation.

21.     Since the issuance of his LTCF, no charges have been filed against Mr. Moody nor was Mr. Moody convicted of any crime.

_____

19.     Even if Commissioner Ross or the GPU were permitted to consider issues prior to February 29, 2016, Mr. Moody has

never been charged or convicted of any misdemeanor or felony charge. (Furthermore, Mr. Moody holds both State and Federal Security Clearances.)

20. There exists no basis, and Commissioner Ross and the GPU have failed to provide any basis, that Mr. Moody's conduct amounted to "good cause." **REQUEST FOR JUDICIAL REVIEW AND RELIEF UNDER 18 PA.C.S. §§ 6109, 6114 AND 2 PA.C.S. § 752  COUNT I – FAILURE TO PROVIDE A VALID BASIS FOR REVOCATION**

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. The sole reason for the revocation of Mr. Moody's LTCF is putatively that the  Commissioner Ross and the GPU had good cause; yet Commissioner Ross and the GPU fail to provide any articulable, factual basis for such legal conclusion, in violation of Caba v. Weaknecht, 64 A.3d 39, 66 (Pa. Cmwlth. 2013). *See*, Exhibit A.

23. As the Notice of Revocation fails to state an articulable, factual basis for the revocation, it is legally insufficient and must be overturned.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, 5th, 6th, and 14th Amendments that Commissioner Ross and the GPU failed to provide an articulable, factual basis for the revocation or provide him with access to the State or Federal Constitutions, declare the revocation invalid, direct that Petitioner Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever

19. _____
_____

been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT II – NO GOOD CAUSE EXISTS, PURSUANT TO SECTION 6109

24.   The averments of all of the above paragraphs are incorporated herein, as if the same were set forth at length.

25.   Pursuant to 18 PA.C.S. § 6109, an issuing authority can only revoke a LTCF for "good cause."

26.   The Notice of Revocation, provides no good cause for revocation of Mr. Moody's LTCF, as it fails to provide any meaningful or articulable explanation for the underlying basis for the revocation and similar language, used by Berks County Sheriff Weaknecht, was found to be insufficient by the Commonwealth Court in Caba, 64 A.3d 39 (Pa. Cmwlth. 2013). *See* Exhibit A.

27.   The Notice of Revocation is legally insufficient, thereby denying Mr. Moody's right to **Due Process**, as it does not state the particular underlying basis for the revocation; hence, requiring Mr. Moody to pay court costs and legal fees to determine the basis.

28.   As the burden of establishing "good cause" rests with the issuing authority, no good cause has been or can be established.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Plaintiff Moody's LTCF or provide him with access to the State or Federal Constitutions,

declare the revocation invalid, direct

that Plaintiff Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT III – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF PENNSYLVANIA'S LOCAL AGENCY LAW

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553.

31. "Local Agency" is defined as "a government agency other than a Commonwealth agency." 2 Pa.C.S. § 101.

32. A "government agency" is defined as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." *Id*.

33. The term "adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made." *Id*.

34. The Philadelphia Police Department is a Local Agency. 42 Pa.C.S. § 933

35. The hearing required under 2 Pa.C.S. § 553 must, at a minimum, be stenographically recorded. 2 Pa.C.S. § 553.

36. The local agency must allow examination and cross-examination of witnesses at the hearing. 2 Pa.C.S. § 554.

37. Adjudications made pursuant to the Local Agency Law must be in writing and accompanied with findings of fact and reasons for the adjudication. 2 Pa.C.S. § 555.

38. Mr. Moody has a property, liberty, and safety interest in his LTCF. Caba, 64 A.3d at 63.

39. Commissioner Ross and the GPU's revocation of Mr. Moody's LTCF constituted an adjudication, as it affected his property, liberty, and safety right in his LTCF in the most serious manner: it fully deprived him of it. Pursuant 6th Amendment.

40. No notice was sent to Mr. Moody prior to Commissioner Ross and the GPU's revocation letter informing Mr. Moody of the adjudication. No Due Process pursuant 5th and 14th Amendments.

41. No hearing was held before the revocation of Mr. Moody's LTCF. No Due Process pursuant 5th, 6th and 14th Amendments.

42. Mr. Moody was not given the ability to examine or cross-examine any witnesses in relation to the revocation of his LTCF. Pursuant 6th Amendment.

43. Mr. Moody was not even made aware if any witnesses were examined in relation to the revocation of his LTCF. Pursuant 6th Amendment.

44. No findings of fact or specific reasons were given for the revocation of Mr. Moody's LTCF.

45. Because no notice or adequate hearing was provided to Mr. Moody prior to the revocation of his LTCF, Commissioner Ross and the GPU's revocation violated the Local Agency Law and failed to provide access the State and Federal Constitution is therefore invalid.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Sections 553, 554, and 555, Commissioner Ross and the GPU

37. ⎯

violated Petitioner Moody's rights under Pennsylvania's Local Agency Law or provide him with access to the State or Federal Constitutions, declare the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.


## `COUNT IV – THE BOARD'S VIOLATION OF PENNSYLVANIA'S LOCAL AGENCY LAW

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553.

48. "Local Agency" is defined as "a government agency other than a Commonwealth agency." 2 Pa.C.S. § 101.

49. A "government agency" is defined as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." *Id.*

50. The term "adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made." *Id.*

51. The Board is a Local Agency. 42 Pa.C.S. § 933; *City of Phila. v. Phila . Bd . of License*, 669 A.2d 460, 462 (Pa. Cmwlth. Ct. 1995).

---

52. Adjudications made pursuant to the Local Agency Law must be in writing and accompanied with findings of fact and reasons for the adjudication. 2 Pa.C.S. § 555.

53. Mr. Moody has a property, liberty, and safety interest in his LTCF. Caba, 64 A.3d at 63.

54. The Board's affirmation of the revocation of Mr. Moody's LTCF constituted an adjudication, as it affected his property, liberty, and safety right in his LTCF in the most serious manner: it fully deprived him of it.

55. No findings of fact or specific reasons were given for the affirmation of the revocation of Mr. Moody's LTCF. *See* Notice of Decision, attached hereto and incorporated herein as Exhibit B.

56. Because no findings of fact or specific reasons were provided to Mr. Moody prior to the revocation of his LTCF or after the

affirmation of the revocation, the Board's affirmation of the revocation violated the Local Agency Law and failed to provide access the State and Federal Constitutions and is therefore invalid.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Sections 553 and 555, the Board violated Mr. Moody's rights under Pennsylvania's Local Agency Law and failed to provide access the State and Federal Constitutions, declare the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

52.

## COUNT V – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF STATE DELEGATION OF POWERS

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. Article II, Section 1 of the Pennsylvania Constitution provides that – "The  legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives.

59. Section 6109(e)(1)(i) provides that an issuing authority may revoke a LTCF "for  good cause." [1]

60. The General Assembly has not defined what the phrase "good cause" means.

61. Further, there are no regulations or primary standards establishing what  constitutes "good cause."

62. Rather, the determination of what constitutes "good cause" is left to the issuing  authority, in violation of Article II, Section 1.

63. In finding that Section 306(a.2) of the Workers Compensation Act was an  unconstitutional delegation of authority under Article II, Section 1, the Commonwealth Court reaffirmed that Article II, Section 1 "vests legislative power in our General Assembly, "embod[ying] the fundamental concept that only the General Assembly may make laws, and cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority." Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.), 124 A.3d 406, 412, 415 (Pa. Cmwlth. Ct. 2015)(*quoting* Association of Settlement

[1] To the extent this Court determines the phrase "good cause" to mean "character and reputation", even though a separate box was specified for character and reputation and left unchecked, then these claims are identically made in relation to character and reputation.

Companies v. Department of Banking, 977 A.2d 1257, 1265 (Pa. Cmwlth. 2009)

(en banc)).

64. The Commonwealth Court further found Section 306(a.2) unconstitutional under  Article II, Section 1, due to the lack of regulations and any standards.

65. Furthermore, as recently stated by the Pennsylvania Supreme Court in finding that  Section 696(i)(3) of the School Code as being unconstitutional under Article II, Section 1, the purpose of the non-delegation provision of Article II, Section 1, is "to ensure the Pennsylvania Legislature makes basic policy choices, and to protect against the arbitrary exercise of unnecessary and uncontrolled discretionary power" and where such delegation is constitutional "the legislative body must surround such authority with definite standards, policies and limitations to which such administrative officers, boards or commissions, must strictly adhere and by which they are strictly governed." W. Phila. Achievement Charter Elem. Sch. v. Sch. Dist. of Phila., 132 A.3d 957, 966 (Pa. 2016)

66. As there exists no definition or standards of what constitutes "good cause," Section 6109(e)(1)(i) is an unconstitutional delegation of authority.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to Article II, Section 1, the Board, Commissioner Ross, and the GPU violated Mr. Moody's rights, declare Section 6109 unconstitutional due to it constituting an unlawful delegation in relation to what constitutes "[a]n individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety" , direct that Mr. Moody to answer in the negative or "No" to any question

of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT VI – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF STATE AND FEDERAL DUE PROCESS

a) The foregoing paragraphs are incorporated herein as if set forth in full.

67.     Mr. Moody's right to Due Process, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution, has been violated as he was never afforded an opportunity to be heard, to cross-examine witnesses, present witnesses, or have a neutral arbiter, as provided for by 2 PA.C.S. §§ 551-555; hence, requiring Mr. Moody to pay court costs and legal fees to determine the underlying basis.

68.   When the government deprives an individual of a property or liberty interest, it must grant the individual due process prior to the deprivation. Davenport v Reed, 785 A.2d 1058, 1062 (Pa. Cmwlth. 2001).

69.   An individual has both a property and liberty right in a LTCF. Caba, 64 A.3d at 63.

70.   In order to satisfy the process that is due, the government must provide the individual with notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); In re McGlynn, 974 A.2d 525, 531-32 (Pa. Cmwlth. 2009).

71.   A valid LTCF revocation notice must include specific reasons for the revocation. Caba, 64 A.3d at 64.

73.   Merely stating the legal authority on which the revocation is founded does not constitute sufficient notice. Id., at 64-5.

74.   In some instances, a post-deprivation hearing may

sufficiently substitute for a pre-deprivation hearing, if exigent circumstances require it. *Id.*, at 67.

75. Mr. Moody received the Notice of Revocation shortly after May 11, 2016, that his LTCF had been revoked.

76. No specific reasons were given for the basis of Mr. Moody's revocation, as the revocation letter merely stated the legal authority for revocation.

77. Mr. Moody was not afforded a pre-deprivation hearing concerning the revocation of his LTCF.

78. No exigent circumstances existed to justify the lack of a pre-deprivation hearing, as Mr. Moody had not even been charged with a crime at the time the LTCF was revoked by Commissioner Ross and the GPU.

79. Because no pre-deprivation hearing was granted to Mr. Moody, the notice afforded Mr. Moody was insufficient, and Mr. Moody enjoyed a property, liberty, and safety interest in his LTCF, Commissioner Ross and the GPU's revocation violated Mr. Moody's due process rights and, as such, is invalid.

**WHEREFORE**, Petitioner/Appellant respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Petitioner Moody's LTCF application, declare the revocation invalid and violative of his constitutional right to due process, direct that Petitioner Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42

U.S.C.§1983.

## COUNT VII – THE BOARD'S VIOLATION OF STATE AND FEDERAL DUE PROCESS

80.  The foregoing paragraphs are incorporated herein as if set forth in full.

81.  Mr. Moody's right to Due Process, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution, has been violated as he was never afforded an opportunity to have evidence presented reviewed, or have a neutral arbiter, as provided for by 2 PA.C.S. §§ 551-555; hence, requiring Mr. Moody to pay court costs and legal fees to determine the underlying basis.

82.  When the government deprives an individual of a property or liberty interest, it must grant the individual due process prior to the deprivation. Davenport v Reed, 785 A.2d 1058, 1062 (Pa. Cmwlth. 2001).

83.  An individual has both a property and liberty right in a LTCF. Caba, 64 A.3d at 63.

84.  In order to satisfy the process that is due, the government must provide the individual with notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); In re McGlynn, 974 A.2d 525, 531-32 (Pa. Cmwlth. 2009).

85.  A valid LTCF revocation notice must include specific reasons for the revocation. Caba, 64 A.3d at 64.

86. Merely stating the legal authority on which the revocation is founded does not constitute sufficient notice. *Id.*, at 64-5.

87. In some instances, a post-deprivation hearing may sufficiently substitute for a pre- deprivation hearing, if exigent circumstances require it. *Id.*, at 67.

88. Mr. Moody received the Notice of Revocation shortly after May 11, 2016, that his LTCF had been revoked.

89. No specific reasons were given for the basis of Mr. Moody's revocation, as the revocation letter merely stated the legal authority for revocation.

90. Mr. Moody was not afforded a pre-deprivation hearing concerning the revocation of his LTCF.

91. No exigent circumstances existed to justify the lack of a pre-deprivation hearing, as Mr. Moody had not even been charged with a crime at the time the LTCF was revoked by Commissioner Ross and the GPU.

92. Even if, *arguendo*, this Court were to find that some exigent circumstances did exist, the Board failed to provide a prompt post-deprivation hearing.

93. The post deprivation hearing was held on November 8, 2016, 181 days after the notice of revocation was issued.

94. Because no pre-deprivation hearing was granted to Mr. Moody, the notice afforded Mr. Moody was insufficient, and Mr. Moody enjoyed a property, liberty, and safety interest in his LTCF, Commissioner Ross and the GPU's revocation violated Mr. Moody's due process rights and, as such, is

invalid.

95. At the post-deprivation hearing Officer Cave, the responding officer, testified that the sole reason he stopped Mr. Moody was because he was carrying a firearm. *See* Hearing Transcript, attached hereto and incorporated herein as Exhibit C at 19.

96. Officer Cave testified that Mr. Moody had not committed any crime. *Id.* at 24

97. Moreover, Officer Cave testified that he became aware Mr. Moody had a LTCF prior to the non-consensual interaction terminating, as one of his fellow officers found Mr. Moody's LTCF in his front right pocket and he had just been informed over the radio Mr. Moody had a LTCF. *Id.* at 27.

98. Officer Cave further testified that because Mr. Moody had a license to carry firearms he was lawfully open carrying in the City. *Id.* at 28.

99. Officer Cave also testified that Mr. Moody's lawful activity was not a threat to the community. *Id.* at 29-30.

100. Further, at the post-deprivation hearing, the City was unable to produce a witness who had any knowledge regarding the basis of the revocation of Mr. Moody's license.

101. The City was able to produce Officer Green of the GPU who testified that the police report was reviewed and several emails and phone calls were exchanged in order to determine they should revoke the license, but provided no factual basis for the decision and had no personal knowledge as to how it was reached. *Id.* at 37.

102. Moreover, at the post-deprivation hearing, the Plaintiff

admitted multiple pieces of evidence including statutes (18 Pa.C.S. § 6109, 18 Pa.C.S. § 6122, and 18 Pa.C.S. § 6108), case law (Commonwealth v. Hawkins and Caba v. Wechknect),

95. _____

and a copy of the video of the incident which lead to the revocation of the Plaintiff's LTCF, which the Board failed to review and consider prior to issuing its decision. *See* Exhibit C at 21-22, 39-40.

103. Additionally, during the hearing, Board Member Rachel Gallegos utilized her cell phone at various points during the Plaintiff's testimony rather than affording the Plaintiff an opportunity to be heard, yet cast a vote to affirm the revocation of Mr. Moody's LTCF. *Id.* at 75.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, the Board lacked good cause to affirm the revocation Plaintiff Moody's LTCF, declare the revocation invalid and violative of his constitutional right to due process, direct that Plaintiff Moody's LTCF be returned at not cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT VIII – COMMISSIONER ROSS, THE GPU AND THE BOARD'S VIOLATION STATE AND FEDERAL EQUAL PROTECTION

104. The foregoing paragraphs are incorporated herein as if set forth in full.

105. Mr. Moody' right to Equal Protection, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Section 1, Article I, Section 26, and Article I, Section 28, has been violated as Pennsylvania's Local Agency Law requires that the individual be provided notice, hearing and opportunity to be heard, but he was denied this statutory right.

106. Mr. Moody' right to Equal Protection, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Section 1, Article I, Section 26, and Article I, Section 28, has been violated as no standard is set-forth for "good cause," when the reason is character and reputation, as provided by 18 PA.C.S. § 6109(e)(1), and it is overly vague; thereby allowing unequal application of the law to different individuals in different counties under the control of different Sheriffs and Chiefs of Police.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Plaintiff Moody's LTCF application, declare the revocation invalid and violative of his constitutional right to equal protection, direct that Plaintiff Moody's LTCF be returned at not cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114. and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT IX – COMMISSIONER ROSS, THE GPU AND THE BOARD'S

# VIOLATION OF STATE AND FEDERAL RIGHT TO KEEP AND BEAR ARMS

107. The foregoing paragraphs are incorporated herein as if set forth in full.

108. Mr. Moody's inalienable right to keep and bear arms, as protected by the Second Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decisions in District of Columbia v. Heller, 554 U.S. 570 (2008) and McDonald v. City of Chicago,

561 U.S. ___, 130 S.Ct. 3020 (2010), by requiring that he obtain a license to carry firearms for purposes of carrying a loaded firearm in his car or concealed about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed.

109. Mr. Moody's inalienable right to Keep and Bear Arms, as protected by Article I, Section 21 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by requiring that he obtain a license to carry firearms for purposes of carrying a loaded firearm in his car or concealed about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed.

110. In the alternative, Mr. Moody's inalienable right to Keep and Bear arms, as protected by the Second Amendment of the United States Constitution and Article I, Section 21 of the

Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right to Keep and Bear Arms protections, Commissioner Ross and the GPU violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's Right to Keep and Bear Arms and the revocation invalid, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant  fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.


## COUNT X – COMMISSIONER ROSS, THE GPU AND THE BOARD'S

## VIOLATION OF STATE AND FEDERAL RIGHT TO FREEDOM OF SPEECH AND EXPRESSION THEREOF

111.  The foregoing paragraphs are incorporated herein as if set forth in full.

112.  Mr. Moody's inalienable indefeasible right to Freedom Of Speech, as protected by the First  Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decisions in Tinker v. Des Moines Independent Community School Dist. 393 U.S. 503. (1969)

_____

_____ by requiring that he obtain a license to open carry firearms for purposes of carrying about his

person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed. In effect converting a right into a privilege, which is unconstitutional pursuant to the United States Supreme Court decision in Murdock v. Pennsylvania, 319 U.S. 105 (1943) "A State may not impose a charge for the enjoyment of a right granted by the Federal Constitution. " 319 U. S. 113 (All concealed carry "permits" are licenses of a right (Liberty) and as such have been deemed illegal by the High Court) Furthermore, the U.S. Supreme Court has ruled in Shuttlesworth v. City of Birmingham, 373 U.S. 262 (1963) that Citizens "can ignore the license and fee and engage in the right (Liberty) with impunity.

113. Mr. Moody's inalienable indefeasible right to Freedom Of Speech, as protected by Article I, Section 7 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by requiring that he obtain a license to open carry firearms for purposes of carrying about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed. In effect converting a right into a privilege.

114. Arguendo, however, Mr. Moody was in full and total compliance with all of the Federal, State, and Local City Laws and Ordinances at the time of the encounter. In the alternative, Mr. Moody's inalienable indefeasible right to Freedom Of Speech and the Expression Thereof, as protected by the First Amendment of the United States Constitution and Article I, Section 7 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable

Court find that pursuant to the State and/or Federal Right to Freedom Of Speech and the Expression Thereof, Commissioner Ross, the GPU, and The Board violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's right to Freedom Of Speech and the Expression Thereof and the revocation invalid, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XI – COMMISSIONER ROSS, THE GPU AND THE BOARD'S

## VIOLATION OF STATE AND FEDERAL RIGHT TO BE SECURE IN PERSON...AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES.

115. The foregoing paragraphs are incorporated herein as if set forth in full.

116. Mr. Moody's inalienable indefeasible right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated... as protected by the Fourth Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decision in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)

117. Whereupon Mr. Moody was traveling towards his destination, he was intercepted by Officer Cave, who walked

across the street holding a cup of coffee.

118. At the post-deprivation hearing Officer Cave, the responding officer, testified that the sole reason he stopped Mr. Moody was because he was carrying a firearm. *See* Hearing Transcript, attached hereto and incorporated herein as Exhibit C at 19.

119. Officer Cave testified that Mr. Moody had not committed any crime. *Id.* at 24

120. However, the officer called for additional officers to aid him in his stop, once Mr. Moody informed him that this is not a Stop and Identify state.

121. Five additional officers, six including Officer Cave conspired to force compliance to their will that held no basis in law or Constitutionality.

122. Which resulted in the illegal detainment and custodial arrest of Mr. Moody and the illegal search and seizure of his personal artifacts and property.

123. Moreover, neither of the officers read him his rights during the unconstitutional search and seizure.

124. Mr. Moody's inalienable indefeasible right To Be Secure In Their Person…and Effects Against Unreasonable Searches And Seizures as protected by the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional.

125. In the alternative, Mr. Moody's inalienable indefeasible right To Be Secure In (Their) Person…and Effects Against Unreasonable Searches And Seizures, as protected by the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, has been encroached

upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

126. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." *Miranda v. Arizona*, 384 US 436 (1966).

127. "The claim and exercise of a constitutional Right cannot be converted into a crime." *Miller vs. U.S.*, 230 F. 486, 489 (1956).

128. "For a crime to exist there must be an injured party (Corpus Delicti) There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." *Snerer vs. Cullen*, 481 F. 946. (9th Cir. 1973)

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right To Be Secure In Their Person...and Effects Against Unreasonable Searches And Seizures, Commissioner Ross, the GPU, and The Board violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's Right To Be Secure In Their Person...and Effects Against Unreasonable Searches And Seizures Thereof and the revocation invalid, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XII – COMMISSIONER ROSS, THE GPU AND THE BOARD'S

## VIOLATION OF STATE AND FEDERAL RIGHT TO A

**SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY...TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION, TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM, TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, AND TO HAVE...FOR HIS DEFENSE**

129.  The foregoing paragraphs are incorporated herein as if set forth in full.

130.  Mr. Moody's inalienable indefeasible right To A Speedy And Public Trial, By An Impartial Jury Of The State And District Wherein The Crime Shall Have Been Committed, Which District Shall Have Been Previously Ascertained By Law, And To Be Informed Of The Nature And Cause Of The Accusation; To Be Confronted With The Witnesses Against Him; To Have Compulsory Process For Obtaining Witnesses In His Favor, And To Have The Assistance Of Counsel For His Defense as protected by the Sixth Amendment of the United States Constitution, And Article I Section 9 has been infringed, which is unconstitutional Pursuant To The United States Supreme Court Decision in Crawford v. Washington, 541 U.S. 36 (2004).

131. "No adjudication of a local agency shall be valid as to any party unless he shall  have been afforded reasonable notice of a hearing and an opportunity to be  heard." 2 Pa.C.S. § 553.

132. The local agency must allow examination and cross-examination of witnesses at  the hearing. 2 Pa.C.S. § 554.

133. No witness(es), nor proof of any crime have been brought against Mr. Moody. Furthermore, there has been no evidence of an injured part(y/ies), no tally of lost or damages to property. Nothing!

134. Adjudications made pursuant to the Local Agency Law must

be in writing and accompanied with findings of fact and reasons for the adjudication. 2 Pa.C.S. § 555.

135. No notice was sent to Mr. Moody prior to Commissioner Ross and the GPU's revocation letter informing Mr. Moody of the adjudication.

136. No hearing was held before the revocation of Mr. Moody's LTCF.

137. Mr. Moody was not given the ability to examine or cross-examine any witnesses  in relation to the revocation of his LTCF.

138. Mr. Moody was not even made aware if any witnesses were examined in relation  to the revocation of his LTCF.  Nor was he given the opportunity to present witness on his behalf.

139. No findings of fact or specific reasons were given for the revocation of Mr. Moody's LTCF.

140. Nor findings of fact or specific reasons were given for the affirmation of the revocation of Mr. Moody's LTCF. *See* Notice of Decision, attached hereto and incorporated herein as Exhibit B.

141. Mr. Moody has never been charged or convicted of any misdemeanor or felony charge. (Furthermore, Mr. Moody holds both State and Federal Security Clearances throughout the nation.)

142. Moreover, Mr. Moody has violated NO LAWS that would deny or prohibit the ownership, use, or possession of firearms as guaranteed in The 2nd  Amendment of the United States Constitution and Article I, section 21 of The Pennsylvania Constitution.

143. The sole reason for the revocation of Mr. Moody's LTCF is merely putative the Commissioner Ross and the GPU had "good

cause"; yet Commissioner Ross and the GPU fail to provide any articulable, factual basis for such legal conclusion, in violation of Caba v. Weaknecht, 64 A.3d 39, 66 (Pa. Cmwlth. 2013). *See*, Exhibit A.

144. As the Notice of Revocation fails to state an articulable, factual basis for the revocation, it is legally insufficient and must be overturned.

145. The affirmation of the revocation of Mr. Moody's LTCF. *See* Notice of Decision, attached hereto and incorporated herein as Exhibit B. Also fails to state an articulable, factual basis for the revocation, it also usurps the power and authority of the tenets of the 6th Amendment in that the review and all of it's elements were private and closed with no public access to the hearing, it is legally and lawfully insufficient and must be overturned.

146. At the encounter with the six officers Mr. Moody apprised them of his rights/powers as a Citizen in good standing, not ditizen of the United States of America and the Commonwealth of Pennsylvania and all of the power and privileges thereof.

147. Mr. Moody continued the interaction while constantly apprising the officers of his powers/rights and inquired numerous times if he was being detained or not.

148. Mr. Moody was told that he was not being detained, however, neither was he free to go (!?!?!???!). Furthermore, The initial officer (Cave) acknowledged that NO CRIME had been committed.

149. As the encounter ensued after Officer Cave detained Mr. Moody and called for other officers, they arrived and parked vehicles behind Mr. Moody to act as bullet stops and proceeded to flank Mr. Moody in a Firing Squad Formation as depicted by Mr.

Moody's body cam.

150. One such officer went so far as to walk behind Mr. Moody's blind/rear side well out of his peripheral view.

151. All while Mr. Moody was holding a calm and polite conversation with police officers and the continued assertion of his powers/right in accordance with The State and Federal Constitutions, and upon numerous occasion asking if he was being detained or not.

152. Again he was told no, that he was not being detained, but then again that he could not leave. The officers conspired to state that they were having a discussion, to which Mr. Moody replied that such a discussion was non-consensual and if he was not being detained he would like to exercise his power/right to leave.

153. This was not granted by the Officers who posed grave threat of bodily harm to Mr. Moody for non-compliance to their will.

154. Ultimately, Mr. Moody was handcuffed and searched and while his property and effects were taken against his will and without his consent. All while leaving him under threat and guard while handcuffed and soaking wet in the cold as his 4th Amendment was forcibly molested.

155. Mr. Moody's inalienable indefeasible right To A Speedy And Public Trial, By An Impartial Jury Of The State And District Wherein The Crime Shall Have Been Committed, Which District Shall Have Been Previously Ascertained By Law, And To Be Informed Of The Nature And Cause Of The Accusation; To Be Confronted With The Witnesses Against Him; To Have Compulsory Process For Obtaining Witnesses In His Favor, And To Have The Assistance Of Counsel For His Defense as protected by the Sixth Amendment of the United States Constitution, And Article I Section 9 has been encroached upon and abrogated, which

is unconstitutional.

156. In the alternative, Mr. Moody's inalienable indefeasible right To A Speedy And Public Trial, By An Impartial Jury Of The State And District Wherein The Crime Shall Have Been Committed, Which District Shall Have Been Previously Ascertained By Law, And To Be Informed Of The Nature And Cause Of The Accusation; To Be Confronted With The Witnesses Against Him; To Have Compulsory Process For Obtaining Witnesses In His Favor, And To Have The Assistance Of Counsel For His Defense as protected by the Sixth Amendment of the United States Constitution, And Article I Section 9 has been encroached upon and abrogated, which is unconstitutional, by revoking his LTCF for engaging in lawful and constitutionality protected activity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right To A Speedy And Public Trial, By An Impartial Jury Of The State And District Wherein The Crime Shall Have Been Committed, Which District Shall Have Been Previously Ascertained By Law, And To Be Informed Of The Nature And Cause Of The Accusation; To Be Confronted With The Witnesses Against Him; To Have Compulsory Process For Obtaining Witnesses In His Favor, And To Have The Assistance Of Counsel For His Defense as protected by the Sixth Amendment of the United States Constitution, And Article I Section 9 has been encroached upon, which is unconstitutional., Commissioner Ross, the GPU, and The Board violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's right To Right To A Speedy And Public Trial, By An Impartial Jury Of The State And District Wherein The Crime Shall Have Been Committed, Which District Shall Have Been Previously Ascertained By Law, And To Be

Informed Of The Nature And Cause Of The Accusation; To Be
Confronted With The Witnesses Against Him; To Have
Compulsory Process For Obtaining Witnesses In His Favor, And
To Have The Assistance Of Counsel For His Defense Thereof and
the revocation invalid, direct that Mr. Moody to answer in the
negative or "No" to any question of whether his LTCF has ever
been revoked in relation to this matter, and grant fees pursuant to
18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S.
dollars pursuant 42 U.S.C.§1983.

**COUNT XIII – The City, COMMISSIONER ROSS, THE GPU
AND THE PPD's**

**VIOLATION OF A COMMON PLEAS COURT ORDER
DOCKET NO. 121203785 SETTLEMENT AGREEMENT, AS
ORDERED BY JUDGE JACQUELINE ALLEN**

157. The foregoing paragraphs are incorporated herein as if set
forth in full. 112.

158. In the matter of *John Doe, et al.,  v. City of Philadelphia, et
al*, Philadelphia Court of Common Pleas docket no. 121203785 as
ordered by Judge Jacqueline Allen.

159. The following are true and correct elements of the Ordered
Settlement Agreement and policy changes to be made by the City:

***1) Not to disclose LTCF applicant information either
electronically or in-person;***
***2) Annual training of the Philadelphia Police Department***

*and Philadelphia License and Inspection Board of Review on the confidentiality of LTCF applicant information; Customer service training for the Philadelphia Gun Permit Unit;*

3) Posting a copy of the LTCF Application Notice on its website and where LTCF applications and appeals can be submitted or obtained, as well as, providing a copy to anyone who has his/her LTCF denied or revoked;

4) The City will not require references on the LTCF application and will not contact any references listed on the LTCF application;

5) The City will not require lawful immigrants or US Citizens with a US Passport to provide naturalization papers;

6) The City will not require any applicant to disclose whether he/she owns a firearm during the LTCF application process;

7) The City will not deny an application because the applicant answered "no" to any question regarding whether the applicant had been charged/convicted of any crime where the applicant received a pardon or expungement from the charge or conviction;

8) The City will process all LTCF applications within 45 calendar days;

9) The City will remit $15.00 to any applicant who is denied within 20 days;

***10)*** *The City will not require LTCF applicants or holders to disclose to law enforcement that they have an LTCF, that they are carrying a firearm or that they have a firearm in the vehicle; and*

*The City will not confiscate an LTCF or firearm, unless there is probable cause that the LTCF or firearm is evidence of a crime. In the event an LTCF or firearm is confiscated, the officer must immediately provide a property receipt, which shall include the pertinent information*

160. However, The City, Ross, The GPU, and PPD were in direct deliberate and willful violation of the Court Ordered Settlement Agreement when they intentionally violated Mr. Moody in 2016

during an unlawful stop as stated in the foregoing paragraphs that resulted in the unlawful revocation of his LTCF on May 11, 2016.

161. ....And once more when he was targeted and unlawfully imprisoned on June 16, 2017. In an attempt to harass and intimidate Mr. Moody into submission to their illegal, unlawful, contemptuous will (in defiance of court order) for nearly an hour.

162. One need merely to look on You Tube and see the astonishingly high rate of recidivism that The City, Com. Ross, The GPU, and PPD, the so called law keepers, break The Law with outright impunity and usurp The Constitutions on a daily basis.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the Court Ordered Settlement Agreement; in the matter of *John Doe, et al., v. City of Philadelphia, et al*, Philadelphia Court of Common Pleas docket no. 121203785 as ordered by Judge Jacqueline Allen. The City, Commissioner Ross, the GPU, and PPD violated a Court Order as well as violated Mr. Moody' rights, powers, freedoms and liberties declare Section 6109 unconstitutional due to it violating an individual's Right To Be Secure In Their Person...and Effects Against Unreasonable Searches And Seizures Thereof and the revocation invalid, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

**COUNT XIV – The City, COMMISSIONER ROSS, THE GPU, THE PPD, AND BRADFORD A. RICHMAN'S**

# HARASSMENT, MALICIOUS PROSECUTION, POLICE MISCONDUCT (GRADING), AND THE FALSIFICATION OF OFFICIAL DOCUMENTS AND FALSE CHARGES.

163. **§ 2709.  Harassment.**

**(a)  Offense defined.--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:**

(1)  strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

**(2)  follows the other person in or about a public place or places;**

**(3)  engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;**

(4)  communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5)  communicates repeatedly in an anonymous manner;

(6)  communicates repeatedly at extremely inconvenient hours; or

(7)  communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

**(c)  Grading.--**

(1)  Except as provided under paragraph (3), an offense under subsection (a)(1), (2) or (3) shall constitute a summary offense.

(2)  An offense under subsection (a)(4),

(5), (6) or (7) or (a.1) shall constitute a misdemeanor of the third degree.

(3)  **The grading of an offense under subsection (a)(1), (2) or (3) shall be enhanced one degree if the person has previously violated an order issued under 23 Pa.C.S. § 6108 (relating to relief) involving the same victim, family or household member.**

(d)  **False reports.--A person who knowingly gives false information to any law enforcement officer with the intent to implicate another under this section commits an offense under section 4906 (relating to false reports to law enforcement authorities).**

(e)  **Application of section.--This section shall not apply to constitutionally protected activity.**

(e.1)  **Course of conduct.--**(Deleted by amendment).

(f)  **Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

**"Communicates."  Conveys a message without intent of legitimate communication or address by oral, nonverbal, written or electronic means, including telephone, electronic mail, Internet, facsimile, telex, wireless communication or similar transmission.**

**"Course of conduct."  A pattern of actions composed of more than one act over a period of time, however short, evidencing a**

*continuity of conduct. **The term includes lewd, lascivious, threatening or obscene words, language, drawings, caricatures or actions, either in person or anonymously.** Acts indicating a course of conduct which occur in more than one jurisdiction may be used by any other jurisdiction in which an act occurred as evidence of a continuing pattern of conduct or a course of conduct. **"Emotional distress."** A temporary or permanent state of mental anguish.*

164. The aforementioned were the basis of Mr. Moody's encounter on June 16, 2017 as the following events unfolded thus and so…

165. (By) letter June 5, 2017 Plaintiff was notified that the Philadelphia Police Department was reinstating his License to Carry Firearm (LTCF).

166. The following week, Plaintiff went to the Police Gun Permits Unit and picked up his License to Carry Firearms which had been reinstated and valid as acknowledged by the by City's counsel, Bradford A. Richman.

167. This however, was merely a result of an unsuccessful attempt to cajole Mr. Moody into abdicating his birthright in a settlement drafted by his former and City attorneys and his willingness to stand for what is true, right and lawful among our inalienable indefeasible rights.

168. On June 16, 2017, several days after picking up his valid LTCF the Plaintiff, while out jogging was accosted by Police and immediately "locked up!"

169. Whereupon, The Police placed the Plaintiff handcuffed in the back of a closed paddy wagon where the outside temperature was 82 degrees (Accuweather.com)

170. Plaintiff was confined in the enclosed vehicle for more than 30 minutes where the interior temperature exceeded 114 degrees based upon Dept. of Geosciences, San Francisco State University data. (This is a Human Rights Violation!)

171. After some time Plaintiff was released from being unlawfully "Locked up!" without having any form of identification upon his person and without identifying himself verbally or in any other manner. In fact the PPD knew exactly who Mr. Moody was as it had given orders to arrest him on sight according to arresting officers.

172. Police stopped and stated to Plaintiff that they were given **orders to arrest him on sight,** if found open carrying. Thus lending it self to the FACT that Plaintiff was at that time maliciously targeted by the Philadelphia Police.

173. The Plaintiff at the time of the incident apprised the Police of his Rights/Powers as guaranteed and protected by the State and Federal Constitutions and accused them of stealing his property (his firearm) during the encounter.

174. *Without having identified himself in Any manner and exercising his aforementioned Rights/Power/Freedoms all well within the well established confines of the Law OF The LAND, and the state of Pennsylvania Mr. Moody was released without apology or arrest. However, his firearm was indeed stolen, or at the VERY LEAST illegally and unlawfully seized by the PPD as part of it's conspired campaign of Malicious Prosecution towards Mr. Moody.*

175. Thus cementing the FACT that Mr. Moody was indeed **targeted** in that he **at no time identified himself, nor was he carrying ANY identifying documents during this assault.**

176. Further proof of the **targeting** of the Plaintiff being **targeted** is the fact that Mr. Moody has been seen and recorded multiple times throughout the city open carrying with both hand guns and AR rifles in public at varying times of day and night without problem or incident.

177. The public at large, i.e. The People, one of whom which Mr. Moody is a member of, in extremely good standing and of the highest caliber, has never seen Mr. Moody as ANY type of threat, and in fact often approached, questioned, and admired him in the exercising of their inalienable indefeasible GOD given Right/ Power/freedom.

178. It is merely those **Maliciously Persecuting** Mr. Moody that, as they put it, have place Mr. Moody, Police Officers, and The People (public) in jeopardy and danger in their insistence to portray their false narrative as stated in the revocation letter to Mr. Moody: "FAILURE TO PRODUCE LTCF. WHICH PLACED YOU, THE OFFICERS AND THE COMMUNITY IN DANGER."

179. The danger manifested in any of the encounters involving Mr. Moody and the PPD was caused, created, and manufactured by the PPD solely and willfully in an effort to Persecute and Prosecute Mr. Moody in his usage of his GOD given Rights/Powers/Freedoms as Acknowledged and Protected by The U.S. and State Constitutions.

180. *The VERY SELFSAME RIGHTS/POWERS/FREEDOMS that This honorable Court and it's members and officers,*

*officials of The City, The GPU, The Commissioner, and The PDD are all sworn to protect and uphold.*

181. One need not agree, like or, respect Mr. Moody's refusal to abdicate his Powers/Rights/Freedoms. But, so sayeth The Law, so sayeth The Law OF The Land, so sayeth The Constitution …And because of this he is to be protected in the Lawful usage thereof, not Targeted, stalked, harassed, Maliciously Persecuted and Prosecuted in attempt to bear false witness against him. Sadly, by those who have sworn to do otherwise, ironically in fact becoming that thing, one of "… All enemies, both foreign and domestic…" They have indeed become that Domestic Enemy, yet this is what happens when a way of life is nothing but words and rote learning. Where it's essence and soul have become nothing more than mere words, and they carry No belief, nor hold them sacred, but merely as something to circumvent and withhold.

182. When People, when the world speaks of "The Constitution", they aren't talking about ANY OLD Constitution. It is very clearly and concisely The U.S. Constitution this is not a matter of debate, THIS, is a matter of fact.

183.They are not talking about any other Constitution in the world unless they are comparing it to this one, because there are none like it, and many a man and woman have fought and died to keep it that way. A government for, of, and by The People.

184. It is also another matter of fact, that All governments, throughout the world exist purely because of the people allow them to function as such, for there is no government without a People. We have been fortunate enough to be apart of a place where this undeniable truth is recognized as LAW. It is the duty of ALL to see that this is protected at all times, at all costs from All of it's enemies.

185. **At Some point all of the actors in this twisted play will have to find the courage and the will to read, to understand, and to Pledge, to uphold, to defend, and To carryout the truth, the hopes, and the elements and tenets espoused in The U.S. Constitution...But how, how do you ask...simply look to Mr. Moody and you will begin to see what it takes to be a True American.**

186. No Honor, no integrity, no virtue, no not None!, of the things that are prerequisite in and to the sustainability of Freedom, Truth, Justice, Hope, and Liberty...

187. Alas, there is a grave issue at hand that must be weighted upon the brows of men of conscience, that we are not,...one and all, undone.

188. It is A Court, a tribunal, i.e. a court of Justice, with the authority to adjudicate legal disputes between parties  and carry out the administration of Justice in matters in accordance with the rule of law.

189. The **rule of law** is the legal principle that law should govern a nation, as opposed to being governed by decisions of individual government officials, i.e. Members of City Hall, The Commissioner, The D.A. as in the case of Seth Williams, etc., etc., etc., it is also true that power corrupts.

190. It primarily refers to the influence and authority of law within society, particularly as a constraint upon behavior, including behavior of government officials.

191. In order that that Court may glean further undeniable Truth of the tumorous malignancy that festers and propagates in it's very halls and City at large.

192. Plaintiff James W. Moody submits the following irrefutable truth and the evidence thereof, of events as they occurred on June 16, 2017.

192a) https://youtu.be/mFhQXPGkBLk
192b) https://youtu.be/ov6iQxyUpjM

193. Wherein Plaintiff was respectful and courteous at all times, and even jovial, all while being mistreated and criminalized. (June 16, 2017)

194. Wherein The Plaintiff obeyed all commands both Lawful and otherwise as issued by the Philadelphia Police Department, as depicted in visual evidence. IT is also of note that this information was previously forwarded to the Court of Common Pleas via a Motion Response. Exhibit "E". However NOTHING has been done to bring these criminals to justice.

195. Much to their discredit, however, the PPD falsified official Police Reports in a malicious attempt to discredit, Defame, and malign an honorable man, to bring slanderous bogus criminal charges against Mr. Moody.

196. Filing a false Police Report is a crime in Pennsylvania.

197. Rule of Law dictates that No one is above the law and constrains the behavior of the government.

198. The government has failed Mr. Moody in a tremendous and irreparable way in that he has been maliciously targeted, sought out with criminal malicious intent to place his life in jeopardy and danger; through ordered targeted confrontation with corrupt armed agents thereof.

199. The Evidence will also reveal, that Brad A. Richman's statement: "...Unlike the prior encounter, Responded/Appellant became belligerent towards the officers." When addressing the Court in an attempt mischaracterize Mr. Moody during their

targeted encounter of Mr. Moody to be a LIE, a gross mischaracterization at best; …in a word, untrue, by All accounts.

200. During the June 16 encounter the PPD spoke of filing the charge 10-615, Disorderly Conduct. A False Charge levied against Plaintiff, however, this is once again proven to be a falsehood as well in the evidence as provided by Plaintiff. The victim of gross and outrageous criminal misconduct and Malicious Persecution and Prosecution as perpetrated by The City and the agents thereof.

201. The charge (10-615) of which may carry up to a one year prison term and/or a fine of $2500.00.

202. In effect robbing Mr. Moody of his rights/powers/Freedoms as protected under the Constitution of The United States.

203.The charge also shows up on criminal record history checks, that would unquestionably place Plaintiff at greater and graver risk in interactions with law enforcement agents.

204. It would also revoke his State and Federal Security Clearances, also voiding his ability to bid in Government Contracts of a Classified or restricted nature. Thus nullifying his ability to provide for his family.

205. As to date there are No, elements of Any nature that would prohibit or bar Plaintiff from maintaining or obtaining any and all security ratings and clearances necessary in the commission of Government or private commence and industry.

206. These are but a few of the detrimental effects of the false charges made against Mr. Moody

207. Mocked, scorned, and ultimately falsely imprisoned and betrayed by those whom he had vested a portion of his rightful power, as one of we; We The People.

208. To illustrate further that Mr. Moody was targeted, when as accosted by Police, Appellant stated that he recalled one of the first two policy enforcers, to which the enforcer acknowledged.

209. This is further confirmed in policy enforcer's statement that: "As far as I know, your permit was revoked!"

210. However, instead of making a simple phone call to ascertain the true nature and status of the LTCF.

211. During the exchange Plaintiff stated that he did not have to prove innocence, to which the officer responded yes, you do!

212. However, one of the most sacred elements in the American justice system, holds that one is innocent **Until** proven guilty.

213. At which time the officer stated that he needed to see Plaintiff's LTCF, to which Plaintiff responded telling the officer that he didn't have any I.D.

214. Whereupon Plaintiff was immediately "locked up", at no time during Mr. Moody's unlawful arrest was he ever read his Miranda Rights. Nor , were they able to articulate the law that they believed to be violated. Nor was there a statement or affidavit of Probable cause as prescribed by the LAW. Nor is there one, because, there was no such thing and Mr. Moody was being Maliciously Persecuted and being reminded to "Stay in his place".

215. **The simple reason being that there was NO law being violated. The Philadelphia Police Department were the sole violators of the peace, the Public Trust, and the Law.**

216. All in their continued and persistent refusal to adhere to and follow the terms of the following items as ordered by Judge Jacqueline Allen, Court of Common Pleas. Along with The City, and a Commissioner intent on usurping the Rights/ Powers/Freedoms of The People of this City as protected by The U. S. Constitution.

217. Court of Common Pleas docket no. 121203785 Settlement Agreement page 11.

218. item11): The City will not require LTCF applicants or holders to disclose to law enforcement that they have an  LTCF, that they are carrying a firearm or that they have a firearm in the vehicle; and

219. 12): The City will not confiscate an LTCF or firearm, unless there is probable cause that the LTCF or firearm is evidence of a crime…
220. It is the City and it's agents, who have violated State and Federal Law, violated State and Federal Articles and Amendments of Constitutions.

221. It is the City and Agents that have violated, harassed, targeted , and Maliciously Persecuted Mr. Moody in a criminal manner pertaining to the lawful and Constitutional usage of **His Right/Powers/Freedoms**

222. All done under the color of law, against **The Law;** and so common a thing as common courtesy, ..decency would seem to be to far a reach.

223. All the efforts and resources pooled and channeled in the undoing of **One Good Man!**

224. Criminalized and treated in a demoralizing fashion as he was pulled, pushed and prodded about, all while handcuffed as if a common criminal, a **Slave**...

225. Eventually only to find himself locked into a **"sweat box"** as one officer called it; this was a Human Rights violation, this is the manner in which Law enforcement handled and dealt with **Slaves** in days of yore. This is the exact manner in which the PDD handled Mr. Moody.

226. Various members of the Philadelphia Police Department are heard making the following statements as provided in the evidence provided by Plaintiff.

227. ...247961, this may be a badge number, this is from an unknown officer that was in a hurry to leave early.
228. ..."Sargent Ryan will help you..." pertaining to filing paperwork/charges (?)

229..." Sargent Ryan and Lieutenant Dandridge, **said Fuck it, take it away again!"** to which the officer laughed! These remarks were made pertaining to the fact that Plaintiff James W. Moody did indeed have a valid LTCF.

230. One joked about looking fat on You Tube "Tonight!"

231. Unknown, " It's still in good status...I'll walk you through how to fuckin' take it,...We'll just sit down and I'll type that shit up..Hehe... we'll/I'll take care of everything!"

232. **"Now, disorderly conduct?!?, is going to be for What?"** **(Ramirez)**

233."Failure to comply with police commands!"

234. "Oh!, is that what it is?!?"

235. "I mean that will be the reason in your story."…Failure to follow Police commands armed with a firearm on his hip."

236. **Note the omission of the now verifiable facts as they actually occurred, which refutes all falsified Police accounts of the incident!**

237. Furthermore, attorney's name is mentioned several times in conjunction with the unlawful taking (stealing) of the firearm: " **GUN WAS TAKEN Per Brad Richman!"** (June 16, 2017)

238. City attorney Brad Richman is tainted and lies treacherously and willfully entangled in these matters. This miscarriage of Justice in no mean way!

239. The evidence provided by Plaintiff also has one of the officers stating that what they are doing will be thrown out of court anyway, which begs the question; Then WHY do it? If you know from the start that what you are doing is the wrong thing, then why do it? The answer is plain and simple, Corruption, they and the people that they answer to are corrupt.

240. Moreover, members of the PPD are clearly overheard on video mocking and berating Mr. Moody to one another and the public while he was falsely imprisoned in their "Sweat Box" with the knowledge that ALL of his actions were lawful and protected by the U.S. Constitution and in accordance with ALL state and local laws and ordinances.

241. Finally, this show of force ended "Without arrest" clearly demonstrates that no crime or violation of the Law has been committed on the part of James W. Moody, Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable

Court find that pursuant to the Court Ordered Settlement Agreement; in the matter of *John Doe, et al., v. City of Philadelphia, et al*, Philadelphia Court of Common Pleas docket no. 121203785 as ordered by Judge Jacqueline Allen. The City, Commissioner Ross, the GPU, and PPD and Bradford A. Richman violated a Court Order as well as §2709. Harassment, (c) Grading and (d) False reports violated Mr. Moody' rights, declare Section 6109 unconstitutional due to its' basis in violating an individual's Right To Be Secure In Their Person…and Effects Against Unreasonable Searches And Seizures Thereof and the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

242. Yet again there exists no basis, and Commissioner Ross and the GPU have failed to provide any basis, that Mr. Moody's conduct amounted to "good cause." **REQUEST FOR JUDICIAL REVIEW AND RELIEF UNDER 18 PA.C.S. §§ 6109, 6114 AND 2 PA.C.S. § 752  COUNT XV – FAILURE TO PROVIDE A VALID BASIS FOR REVOCATION**

243.The foregoing paragraphs are incorporated herein as if set forth in full.

244.The sole reason for the revocation of Mr. Moody's LTCF is putatively that the  Commissioner Ross and the GPU had good cause; yet Commissioner Ross and the GPU fail to provide any articulable, factual basis for such legal conclusion, in violation of Caba v. Weaknecht, 64 A.3d 39, 66 (Pa. Cmwlth. 2013). *See,* Exhibit A.

245. As the Notice of Revocation fails to state an articulable, factual basis for the revocation, it is legally insufficient and must be overturned.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, that Commissioner Ross and the GPU failed to provide an articulable, factual basis for the revocation, declare the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever

20. _____

been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XIV – NO GOOD CAUSE EXISTS, PURSUANT TO SECTION 6109

246. The averments of all of the above paragraphs are incorporated herein, as if the same were set forth at length.

247. Pursuant to 18 PA.C.S. § 6109, an issuing authority can only revoke a LTCF for "good cause."

248. The Notice of Revocation, provides no good cause for revocation of Mr. Moody's LTCF, as it fails to provide any meaningful or articulable explanation for the underlying basis for the revocation and similar language, used by Berks County Sheriff Weaknecht, was found to be insufficient by the Commonwealth Court in Caba, 64 A.3d 39 (Pa. Cmwlth. 2013). *See* Exhibit A.

249. The Notice of Revocation is legally insufficient, thereby denying Mr. Moody's right to Due Process, as it does not state the particular underlying basis for the revocation; hence, requiring Mr. Moody to pay court costs and legal fees to determine the basis.

250. As the burden of establishing "good cause" rests with the issuing authority, no good cause has been or can be established.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Mr. Moody's LTCF application, declare the revocation invalid, direct

that Plaintiff Moody's LTCF be returned at no cost to him, as well as his firearm also direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and  grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XVII – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF PENNSYLVANIA'S LOCAL AGENCY LAW

251. The foregoing paragraphs are incorporated herein as if set forth in full.

252. "No adjudication of a local agency shall be valid as to any party unless he shall  have been afforded reasonable notice of a hearing and an opportunity to be  heard." 2 Pa.C.S. § 553.

253. "Local Agency" is defined as "a government agency other than a Commonwealth agency." 2 Pa.C.S. § 101.

254. A "government agency" is defined as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." *Id.*

255. The term "adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made." *Id.*

256. The Philadelphia Police Department is a Local Agency. 42 Pa.C.S. § 933

257. The hearing required under 2 Pa.C.S. § 553 must, at a minimum, be stenographically recorded. 2 Pa.C.S. § 553.

258. The local agency must allow examination and cross-examination of witnesses at the hearing. 2 Pa.C.S. § 554.

259. Adjudications made pursuant to the Local Agency Law must be in writing and accompanied with findings of fact and reasons for the adjudication. 2 Pa.C.S. § 555.

260. Mr. Moody has a property, liberty, and safety interest in his LTCF. Caba, 64 A.3d at 63.

261. Commissioner Ross and the GPU's revocation of Mr. Moody's LTCF constituted an adjudication, as it affected his property, liberty, and safety right in his LTCF in the

most serious manner: it fully deprived him of it.

262. No notice was sent to Mr. Moody prior to Commissioner Ross and the GPU's revocation letter informing Mr. Moody of the adjudication.

263. No hearing was held before the revocation of Mr. Moody's LTCF.

264. Mr. Moody was not given the ability to examine or cross-examine any witnesses in relation to the revocation of his LTCF.

265. Mr. Moody was not even made aware if any witnesses were examined in relation to the revocation of his LTCF.

266. No findings of fact or specific reasons were given for the revocation of Mr. Moody's LTCF.

267. Because no notice or adequate hearing was provided to Mr. Moody prior to the revocation of his LTCF, Commissioner Ross and the GPU's revocation violated the Local Agency Law and is therefore invalid.

**WHEREFORE**, Plaintiff's respectfully requests that this Honorable Court find that, pursuant to Sections 553, 554, and 555, Commissioner Ross and the GPU

violated Mr. Moody's rights under Pennsylvania's Local Agency Law, declare the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages

for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XVIII – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF STATE DELEGATION OF POWERS

268. The foregoing paragraphs are incorporated herein as if set forth in full.

269. Article II, Section 1 of the Pennsylvania Constitution provides that – "The  legislative power of this Commonwealth shall be vested in a General Assembly,  which shall consist of a Senate and a House of Representatives.

268. Section 6109(e)(1)(i) provides that an issuing authority may revoke a LTCF "for  good cause." [1]

269. The General Assembly has not defined what the phrase "good cause" means.

270. Further, there are no regulations or primary standards establishing what  constitutes "good cause."

271. Rather, the determination of what constitutes "good cause" is left to the issuing  authority, in violation of Article II, Section 1.

272. In finding that Section 306(a.2) of the Workers Compensation Act was an  unconstitutional delegation of authority under Article II, Section 1, the Commonwealth Court reaffirmed that Article II, Section 1 "vests legislative power in our General Assembly, "embod[ying] the fundamental concept that only the General Assembly may make laws, and cannot constitutionally delegate the power to make law to any other branch of government or to any

other body or authority." Protz v. Workers' Comp. Appeal
Bd. (Derry Area Sch. Dist.), 124 A.3d 406, 412, 415 (Pa.
Cmwlth. Ct. 2015)(*quoting* Association of Settlement

[1] To the extent this Court determines the phrase "good cause" to
mean "character and reputation", even though a separate box was
specified for character and reputation and left unchecked, then
these claims are identically made in relation to character and
reputation.

Companies v. Department of Banking, 977 A.2d 1257, 1265 (Pa.
Cmwlth. 2009)

(en banc)).

273. The Commonwealth Court further found Section 306(a.2)
    unconstitutional under  Article II, Section 1, due to the lack
    of regulations and any standards.

274. Furthermore, as recently stated by the Pennsylvania
    Supreme Court in finding that  Section 696(i)(3) of the
    School Code as being unconstitutional under Article II,
    Section 1, the purpose of the non-delegation provision of
    Article II, Section 1, is "to ensure the Pennsylvania
    Legislature makes basic policy choices, and to protect
    against the arbitrary exercise of unnecessary and
    uncontrolled discretionary power" and where such
    delegation is constitutional "the legislative body must
    surround such authority with definite standards, policies
    and limitations to which such administrative officers,
    boards or commissions, must strictly adhere and by which
    they are strictly governed." W. Phila. Achievement Charter
    Elem. Sch. v. Sch. Dist. of Phila., 132 A.3d 957, 966 (Pa.
    2016)

As there exists no definition or standards of what constitutes

275. "good cause," Section 6109(e)(1)(i) is an unconstitutional delegation of authority.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to Article II, Section 1, Commissioner Ross, and the GPU violated Mr. Moody's rights, declare Section 6109 unconstitutional due to it constituting an unlawful delegation in relation to what constitutes "[a]n individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety", direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XIX – COMMISSIONER ROSS AND THE GPU'S VIOLATION OF STATE AND FEDERAL DUE PROCESS

276. The foregoing paragraphs are incorporated herein as if set forth in full.

277. Mr. Moody's right to Due Process, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution, has been violated as he was never afforded an opportunity to be heard, to cross-examine witnesses, present witnesses, or have a neutral arbiter, as provided for by 2 PA.C.S. §§ 551-555; hence, requiring Mr. Moody to pay court costs and legal fees to determine the underlying basis.

278. When the government deprives an individual of a property

or liberty interest, it must grant the individual due process prior to the deprivation. Davenport v Reed, 785 A.2d 1058, 1062 (Pa. Cmwlth. 2001).

279. An individual has both a property and liberty right in a LTCF. Caba, 64 A.3d at 63.

280. In order to satisfy the process that is due, the government must provide the individual with notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); In re McGlynn, 974 A.2d 525, 531-32 (Pa. Cmwlth. 2009).

281. A valid LTCF revocation notice must include specific reasons for the revocation. Caba, 64 A.3d at 64.

282. Merely stating the legal authority on which the revocation is founded does not constitute sufficient notice. *Id.*, at 64-5.

283. In some instances, a post-deprivation hearing may sufficiently substitute for a pre- deprivation hearing, if exigent circumstances require it. *Id.*, at 67.

284. Mr. Moody received the Notice of Revocation on June 20, 2017, that his LTCF had been revoked.

285. No specific reasons were given for the basis of Mr. Moody's revocation, as the revocation letter merely stated the legal authority for revocation.

286. Mr. Moody was not afforded a pre-deprivation hearing concerning the revocation of his LTCF.

287. No exigent circumstances existed to justify the lack of a pre-deprivation hearing, as Mr. Moody had not even been charged with

a crime at the time the LTCF was revoked by Commissioner Ross and the GPU. Apparently the acting D.A. was wise enough not to be a part of this Malicious Prosecution.

288. Because no pre-deprivation hearing was granted to Mr. Moody, the notice afforded Mr. Moody was insufficient, and Mr. Moody enjoyed a property, liberty, and safety interest in his LTCF, Commissioner Ross and the GPU's revocation violated Mr. Moody's due process rights and, as such, is invalid.

289. Further, you will find that there have been NO witnesses, nor complaints against Mr. Moody other than those manufactured against Mr. Moody by corrupt members of the PPD and others as depicted in the evidence provided by Mr. Moody.

290. Mr. Moody admitted multiple pieces of evidence including statutes (18 Pa.C.S. § 6109, 18 Pa.C.S. § 6122, and 18 Pa.C.S. § 6108), case law (Commonwealth v. Hawkins and Caba v. Wechknect), and a link of the videos of the incident which lead to the revocation of the Plaintiff's LTCF, which have been available for review.  However, no one in law enforcement including the FBI, have been interested thus far!?!?!

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Plaintiff Moody's LTCF application, declare the revocation invalid and violative of his constitutional right to due process, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages

for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XX – THE CITY, COMMISSIONER ROSS, THE GPU, AND THE PPD'S VIOLATION STATE AND FEDERAL EQUAL PROTECTION

291. The foregoing paragraphs are incorporated herein as if set forth in full.

292. Mr. Moody' right to Equal Protection, as protected by the Fourteenth Amendment  of the United States Constitution and Article I, Section 1, Article I, Section 26, and Article I, Section 28, has been violated as Pennsylvania's Local Agency Law requires that the individual be provided notice, hearing and opportunity to be heard, but he was denied this statutory right.

293. Mr. Moody' right to Equal Protection, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Section 1, Article I, Section 26, and Article I, Section 28, has been violated as no standard is set-forth for "good cause," when the reason is character and reputation, as provided by 18 PA.C.S. § 6109(e)(1), and it is overly vague; thereby allowing unequal application of the law to different individuals in different counties under the control of different Sheriffs and Chiefs of Police.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that, pursuant to Section 6109, Commissioner Ross and the GPU lacked good cause to revoke Plaintiff Moody's LTCF application, declare the revocation invalid and violative of his constitutional right to equal protection, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire

arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XXI – THE CITY, COMMISSIONER ROSS, THE GPU AND PPD, AND BRADFORD A. RICHMAN'S

## VIOLATION OF STATE AND FEDERAL RIGHT TO KEEP AND BEAR ARMS

294. The foregoing paragraphs are incorporated herein as if set forth in full.

295. Mr. Moody's inalienable right to keep and bear arms, as protected by the Second  Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decisions in District of Columbia v. Heller, 554 U.S. 570 (2008) and McDonald v. City of Chicago,

561 U.S. ___, 130 S.Ct. 3020 (2010), by requiring that he obtain a license to carry firearms for purposes of carrying a loaded firearm in his car or concealed about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed.

296. Mr. Moody's inalienable right to Keep and Bear Arms, as protected by Article I, Section 21 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by requiring that he obtain a license to carry firearms for purposes of carrying a loaded firearm in his car or concealed about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed.

297. In the alternative, Mr. Moody's inalienable right to Keep and Bear arms, as protected by the Second Amendment of the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right to Keep and Bear Arms protections, The City, Commissioner Ross, the PPD, the GPU, and Bradford A. Richman violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's Right to Keep and Bear Arms and the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

**COUNT XXII – THE CITY, COMMISSIONER ROSS, THE GPU, THE PPD, AND BRADFORD A. RICHMAN'S**

## VIOLATION OF STATE AND FEDERAL RIGHT TO FREEDOM OF SPEECH AND EXPRESSION THEREOF

298.  The foregoing paragraphs are incorporated herein as if set forth in full.

299.  Mr. Moody's inalienable indefeasible right to Freedom Of Speech, as protected by the First Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decisions in Tinker v. Des Moines Independent Community School Dist. 393 U.S. 503. (1969)

_____

_____ _____ ____

____ _____ _____ _____ by requiring that he obtain a license to open carry firearms for purposes of carrying about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed. In effect converting a right into a privilege, which is unconstitutional pursuant to the United States Supreme Court decision in Murdock v. Pennsylvania, 319 U.S. 105 (1943) "A State may not impose a charge for the enjoyment of a right granted by the Federal Constitution. " 319 U. S. 113 (All concealed carry "permits" are licenses of a right (Liberty) and as such have been deemed illegal by the High Court) Furthermore, the U.S. Supreme Court has ruled in Shuttlesworth v. City of Birmingham, 373 U.S. 262 (1963) that citizens "can ignore the license and fee and engage in the right (Liberty) with impunity.

300. Mr. Moody's inalienable indefeasible right to Freedom Of Speech, as protected by Article I, Section 7 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by requiring that he obtain a license to open carry firearms for

purposes of carrying about his person or otherwise limit, in any fashion, his ability to protect himself and his family through the use of any type of defensive weapon, whether loaded or unloaded and whether concealed or unconcealed. In effect converting a right into a privilege.

301. Arguendo, however, Mr. Moody was in full and total compliance with all of the Federal, State, and Local City Laws and Ordinances at the time of the encounter. In the alternative, Mr. Moody's inalienable indefeasible right to Freedom Of Speech and the Expression Thereof, as protected by the First Amendment of the United States Constitution and Article I, Section 7 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right to Freedom Of Speech and the Expression Thereof, The City, Commissioner Ross, the GPU, The PPD, and Bradford A. Richman violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's right to Freedom Of Speech and the Expression Thereof and the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XXIII – THE CITY, COMMISSIONER ROSS, THE

## GPU, THE PPD, AND BRADFORD A. RICHMAN'S

## VIOLATION OF STATE AND FEDERAL RIGHT TO BE SECURE IN PERSON…AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES.

302.  The foregoing paragraphs are incorporated herein as if set forth in full.

303.  Mr. Moody's inalienable indefeasible right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated… as protected by the Fourth Amendment to the United States Constitution, has been infringed, which is unconstitutional pursuant to the United States Supreme Court decision in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)

304.  Whereupon Mr. Moody was traveling towards his destination, he was intercepted by two police officer's who cut in front of him in their squad car as he was attempting to cross the street.

305. Both officers knew Mr. Moody, one from the aforementioned unlawful stop of 2016 which resulted in the City returning Mr. Moody's LTCF without any apologies for it's abuse of his rights, time, legal fees, or the great deal of trauma and threats imbued on their behalf. The other Officer Ramirez knew him from the orders that he received to arrest Mr. Moody on sight, as he stated on video.

306. In review of the evidence provided by Mr. Moody the sole reason they stopped Mr. Moody was for kicks, and that one officer knew how much the other dug that type of thing.

307. Not because he was carrying a firearm, but because that's how they got their kicks (Screwing with people). They went on to remark how it was so boring down at the hospital (where people Need Help).

308. Mr. Moody had not committed any crime. However, the officers called for additional officers to aid in the roasting and ridicule of Mr. Moody. Who was apparently known by all or most present. All of the Commanding officers knew him personally from the 2016 incident.

309. Lt. Dandridge informed Him as long as he had the money and the time to do what he (Mr. Moody) was doing, he would continue to get the same treatment, as Mr. Moody stood before him in handcuffs.

310. These officers, conspired to force compliance to their will that held no basis in law, service, decency, or Constitutionality as they mocked and ridiculed Plaintiff.

311. Which resulted in the illegal unlawful detainment and custodial arrest of Mr. Moody and the illegal search and seizure of his personal artifacts and property.

312. Moreover, neither of the officers read him his rights during the unconstitutional search and seizure.

313. Additionally Mr. Moody was falsely imprisoned pursuant 25 CFR 11.404 in the police " Sweat Box" for nearly an hour while they mocked and ridiculed him to the public and among themselves as they conspired to trump up false charges against him as depicted in the internet links in this Complaint.

314. Mr. Moody's inalienable indefeasible right To Be Secure In Their Person...and Effects Against Unreasonable Searches And Seizures as protected by the Fourth Amendment of the United

States Constitution and Article I, Section 8 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional.

315. In the alternative, Mr. Moody's inalienable indefeasible right To Be Secure In (Their) Person…and Effects Against Unreasonable Searches And Seizures, as protected by the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, has been encroached upon, which is unconstitutional, by revoking his LTCF for engaging in lawful activity.

316. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." *Miranda v. Arizona*, 384 US 436 (1966).

317. "The claim and exercise of a constitutional Right cannot be converted into a crime." *Miller vs. U.S.*, 230 F. 486, 489 (1956).

318. "For a crime to exist there must be an injured party (Corpus Delicti) There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." *Snerer vs. Cullen*, 481 F. 946. (9th Cir. 1973)

319. Less we forget ourselves and forever lose our way, let us be reminded that the simplest of reasons or excuses i.e. Probable Cause…It is the bastard child, of a hunch and a guess for Police interference or investigation. This so simple a thing, was not an element, nor even slightly considered in the Malicious Prosecution and Persecution of Mr. James W. Moody. This is a disgrace, pity, and a shame upon us all.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find that pursuant to the State and/or Federal Right To Be Secure In Their Person…and Effects Against Unreasonable Searches And Seizures, The City, Commissioner Ross, the GPU,

The PPD, and Bradford A. Richman violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violating an individual's right to Freedom Of Speech and the Expression Thereof and the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

## COUNT XXIV – THE CITY, COMMISSIONER ROSS, THE GPU, THE PPD AND BRADFORD A. RICHMAN'S CRIMINAL CONSPIRACY, PURSUANT SECTION 903.

320. The foregoing paragraphs are incorporated herein as if set forth in full.

§ 903.   Criminal conspiracy.
    (a)   Definition of conspiracy.--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
    (1)   agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
    (2)   agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

**(b)   Scope of conspiratorial relationship.**--If a person guilty of conspiracy, as defined by subsection (a) of this section, knows that a person with whom he conspires to commit a crime has conspired with another person or persons to commit the same crime, he is guilty of conspiring with such other person or persons, to commit such crime whether or not he knows their identity.

**(c)   Conspiracy with multiple criminal objectives.**--If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

**(d)   Joinder and venue in conspiracy prosecutions.**--

(1)   Subject to the provisions of paragraph (2) of this subsection, two or more persons charged with criminal conspiracy may be prosecuted jointly if:

(i)   they are charged with conspiring with one another; or

(ii)   the conspiracies alleged, whether they have the same or different parties, are so related that they constitute different aspects of a scheme of organized criminal conduct.

(2)   In any joint prosecution under paragraph (1) of this subsection:

(i)   no defendant shall be charged with a conspiracy in any county other than one in which he entered into such conspiracy or in

which an overt act pursuant to such conspiracy was done by him or by a person with whom he conspired;

(ii)  neither the liability of any defendant nor the admissibility against him of evidence of acts or declarations of another shall be enlarged by such joinder; and

(iii)  the court shall order a severance or take a special verdict as to any defendant who so requests, if it deems it necessary or appropriate to promote the fair determination of his guilt or innocence, and shall take any other proper measures to protect the fairness of the trial.

**(e)   Overt act.**--No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

**(f)   Renunciation.**--It is a defense that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal intent.

**(g)   Duration of conspiracy.**--For purposes of 42 Pa.C.S. § 5552(d) (relating to commission of offense):

(1)  conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are committed or the agreement that they be committed is abandoned by the defendant and by those with

whom he conspired;

(2) such abandonment is presumed if neither the defendant nor anyone with whom he conspired does any overt act in pursuance of the conspiracy during the applicable period of limitation; and

(3) if an individual abandons the agreement, the conspiracy is terminated as to him only if and when he advises those with whom he conspired of his abandonment or he informs the law enforcement authorities of the existence of the conspiracy and of his participation therein.

(Apr. 28, 1978, P.L.202, No.53, eff. 60 days)

**1978 Amendment.** Act 53 amended subsec. (g).

**Cross References.** Section 903 is referred to in sections 4120, 5702 of this title; sections 5552, 6302 of Title 42 (Judiciary and Judicial Procedure).

321. Sad, but true, but there it is. A child can draw the lines and connect the dots, quite easily seeing the multiple parallels and similarities between what is defined as criminal conspiracy and the actions of those involved in many and multiple violations of Mr. James W. Moody, The Patron Of Philadelphia.

322. In examinations of the elements of this case we find; two PPD officer's accosting and molesting Mr. Moody.

323. There in laying NO elements of probable cause, both officers affirm that they know Mr. Moody and that they have been ordered

to arrest him on sight.

324. The officers proceed to violate Mr. Moody's state and Federally protected Rights/Powers/Freedoms and "locked "him up.

325. Upping the ante, they called their colleagues and friends in a show of force in and attempt to belittle, "play", disrespect and humiliate Mr. Moody to the public and amongst themselves.

326. All of the officers KNEW Mr. Moody either, directly or indirectly.

327. It is a matter of fact, however, that All of the Commanding Officers knew him personally, and to some greater or lesser degree participated in the violations against Mr. Moody.

328. Whereupon, they place Mr. Moody in the "Sweat Box", as if he were chattel i.e. a Slave.

329. Whereupon they convened to bring about false Charges against an innocent man, whom they knew to be blameless.

330. Under the color or law in effect stealing his firearm. "As per Brad Richman!"

331. Brad Richman is a City attorney, what business does he have in the directing of Police activities as they pertain to the public at large?!?

332. The Plot thickens, Mr. Moody is finally released minus his firearm. Which was illegally, unlawfully, and willfully despite Court orders to the contrary, against his will or consent by force i.e. **STOLEN.**

333. On *June 16, 2017*, shortly after Plaintiff is illegally "locked up", Richman , expeditiously proceeded to file "Motion to Dismiss as Moot" , in person according to his signature and handwritten date: "6/16/17" at the bottom of the *Motion's 2ⁿᵈ Cover Sheet ;*

regarding the earlier 2016 encounter with an unlawful police stop.

334. Immediately thereafter on June 20, 2017, in yet another show of force, a contingent of police were dispatched to Mr. Moody's residence where they hand delivered a new and improved Revocation Letter pertaining to his gun license, as it pertained to the June 16, 2017 "Lock up". Verified and endorsed by Commissioner Ross.  (Exhibit F)

335. To Whom Mr. Moody wrote and hand delivered a letter to his office pertaining to the theft of his firearm by PPD officers. (Exhibit G)

335.  Concerning Revocation, section 6109 states: Notice shall be sent by certified mail to the individual whose license is revoked, It makes NO mention there of pertaining to illegal trespass or misuse of police power upon revoked license holder.

336. Furthermore, According to Court of Common Pleas docket no. 121203785 Settlement Agreement page 11.

337. item 11): The City will not require LTCF applicants or holders to disclose to law enforcement that they have an  LTCF, that they are carrying a firearm or that they have a firearm in the vehicle; and

338. 12): The City will not confiscate an LTCF or firearm, unless there is probable cause that the LTCF or firearm is evidence of a crime...There Is NONE!

339. All parties have failed to meet Any standard that merits consideration of Any kind as it pertains to the malicious continued and perpetual fleecing of the undeniable indefeasible Rights/Powers/Freedoms of Mr. James W. Moody.

340. Here in lays immutable, fact and evidence of the egregious and profound elements of Section 903. Cemented by the investigation into the matters that concluded " The Police Department does not deem it feasible to comply with your request." (Exhibit H), and thus Ross and his co-conspirators vehemently deny the return of Plaintiff's personal firearm unlawfully seized/stolen by armed agents of the City in an effort to show Plaintiff "His Place". Lesser than, not imbued, nor endowed with the Rights, Freedoms, Liberties, nor Powers, Privileges, nor Hopes of one cast in the image of his Creator, Almighty GOD, indubitably, indefeasibly, inalienably heir to as such, but remanded to his station as determined by men such as these to the nomenclature, **SLAVE.**

341. To allow this would be a further miscarriage of Justice.

342. Malice and contempt has been visited upon Mr. Moody by those that have taken solemn oaths to safeguard and protect our freedoms, yet their actions are those of depraved men given over to reprobate minds, …Akin to those of monsters masquerading as men.

343. Beseeching the court; let not Truth, Justice, and Reason fall to brute force, but let it be met in like kind with that which is moral and ethical. At the very least , that which is *LAWFUL.*

344. Where All the elements may be weighted and measured and held in the Crucible; where what is right and true may be found.

345. In purpose and in truth, an unjust attack on one man anywhere, is an unjust attack on all men everywhere.

346. The Rule Of Law demands redress, in that No one stands above it, to ignore this is to lend to it's further desecration, and where then,… shall we find ourselves?

347. The aforementioned stand as a testament, a veritable litany of the egregious nature of the vile corrupt machinations set in motion against Mr. James W. Moody.

348. Without cause, without merit, without the slightest regarding to so common a thing as decency.

349. No Honor, no integrity, no virtue, no not None!, of the things that are prerequisite in and to the sustainability of Freedom, Truth, Justice, Hope, and Liberty…, In Law!

350. Alas, there is a grave issue at hand that must be weighted upon the brows of men of conscience, that we are not,…one and all, undone.

351. It is A Court, a tribunal, i.e. a court of Justice, with the authority to adjudicate legal disputes between parties  and carry out the administration of Justice in matters in accordance with the rule of law.

352. The **rule of law** is the legal principle that law should govern a nation, as opposed to being governed by decisions of individual government officials.

353. It primarily refers to the influence and authority of law within society, particularly as a constraint upon behavior, including behavior of government officials.

354. In arguendo, even if by some slight chance one were to be unable to see the multitude of profound violations against Mr. Moody. One certainly could not deny, nor overlook the absolute truth of the City, Commissioner Ross, the GPU, and the PPD knowing, and willful direct **VIOLATION OF A COMMON PLEAS COURT ORDER DOCKET NO. 121203785**

**SETTLEMENT AGREEMENT, AS ORDERED BY JUDGE JACQUELINE ALLEN.**


**WHEREFORE**, Petitioner/Appellant respectfully requests that this Honorable Court find that pursuant to the Court Ordered Settlement Agreement; in the matter of *John Doe, et al., v. City of Philadelphia, et al*, Philadelphia Court of Common Pleas docket no. 121203785 as ordered by Judge Jacqueline Allen.  The  City, Commissioner Ross, the GPU, and PPD violated a Court Order as well as violated Mr. Moody' rights, declare Section 6109 unconstitutional due to it violations that are consistent with elements and properties as they pertain to Criminal Conspiracy as they are defined in Section 903. of the penal criminal code. Thereof and the revocation invalid, direct that Plaintiff Moody's LTCF be returned at no cost to him as well as his fire arm, direct that Mr. Moody to answer in the negative or "No" to any question of whether his LTCF has ever been revoked in relation to this matter, and grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.


**– INJUNCTIVE RELIEF**

355. The foregoing paragraphs are incorporated herein as if set forth in full. 112. Mr. Moody requests injunctive relief pursuant to Pa. R.Civ.P. No. 1531. 113. As a result of the Commissioner Ross, the GPU and the Board's actions:

a.   Mr. Moody has been harmed and will continue to be irreparably harmed, so long as his LTCF is revoked;

b.   The harms and injuries – past, present, and future – suffered by Mr. Moody cannot be adequately compensated by monetary damages, as the loss of his life, or that of a family

member, is a potential harm and injury;

c.   The harms and injuries – past, present, and future – suffered by Mr. Moody cannot be compensated by monetary damages, as the monetary value in a LTCF is not calculable and the violation of his fundamental right to due process cannot be adequately restored by pecuniary measures alone;

d.   Because of the actions of The City, Commissioner Ross, the GPU, and PPD , and Bradford A. Richman Mr. Moody is limited in his ability to transport firearms, pursuant to 18 Pa.C.S.A. § 6106;

e.   Due to The City, Commissioner Ross, the GPU, the PPD, Bradford A. Richman's actions, Mr. Moody is unable to carry a firearm in the City of Philadelphia for his own defense, pursuant to 18 Pa.C.S.A. § 6108;

---

f.   As a result of The City, Commissioner Ross, the GPU, PPD, and Bradford A. Richman's actions, Mr. Moody has incurred financial losses in the form of court costs and attorney fees. Therefore, it is appropriate for this Honorable Court to grant an injunction against Commissioner Ross, the GPU revocation of Mr. Moody's LTCF. Also order the immediate return of Mr. Moody's "stolen" gun by the officer's of the PPD taken "As per Brad Richman".

g.   As a result of The City, Commissioner Ross, the GPU, PPD, and Bradford A. Richman's actions, Mr. Moody as well as his family has suffered a great deal of emotional stress and trauma has incurred threats of violence and reproach, and through the willful malicious conspired systematic dismantling of Mr. Moody's GOD given and lawful standing as a Free Born Man, with ALL of the Rights, Powers, Freedoms, and Privileges bestowed by The Most High GOD, and recognized as such by this Nation, …to be

rendered unto the condition of a slave, in that ALL of his lawfully Rights were rendered null and void by men such as these. Therefore, it is appropriate for this Honorable Court to grant fees pursuant to 18 PA.C.S. § 6114 and Damages for the sum of 150 million U.S. dollars pursuant 42 U.S.C.§1983.

g.

**PRAYER FOR RELIEFWHEREFORE**, Petitioner James Moody prays that this Honorable Court review the basis and legality of Commissioner Ross, and the GPU's revocation of his License to Carry Firearms and Order:

1.  An injunction preventing the revocation of Petitioner's License to Carry Firearms and directing the return of Plaintiff's License to Carry Firearms, as well as the return of Firearm at no cost to Plaintiff;

2.  A determination that:

a.  The City, Commissioner Ross, The GPU, PPD, and Bradford A. Richman knowingly and willfully violated the court order as it was handed down by the Honorable Judge Jacqueline Allen; **DOCKET NO. 121203785.**

b.  Commissioner Ross and the GPU's revocation was invalid, pursuant to the aforementioned ruling.

c.  Commissioner Ross and the GPU's revocation was invalid, pursuant to the  Commonwealth Court's holding in Caba v. Weaknecht, 64 A.3d 39.

d.  Commissioner Ross and the GPU's revocation was invalid,

pursuant to 18  Pa.C.S.A. § 6109;

e.   Commissioner Ross and the GPU's revocation was invalid,
     pursuant to  Pennsylvania's Local Agency Law;

_____

d.   Commissioner Ross and the GPU's revocation of Plaintiff's
     License to Carry Firearms violated Petitioner's right to Due
     Process;

e.   Commissioner Ross and the GPU's revocation of Plaintiff's
     License to Carry Firearms violated Petitioner's right to Equal
     Protection;

f.   Commissioner Ross and the GPU's revocation of Plaintiff's
     License to Carry Firearms violated Petitioner's Second
     Amendment right;

g.   The City, Commissioner Ross, PPD, and The GPU, and
     Bradford A. Richman violated the Petitioner's $1^{st}, 2^{nd}, 4^{th}, 5^{th},$
     $6^{th}, 13^{th},$ and 14th Amendment Rights and all of the State
     Constitutional right and powers associated therewith.

4.   Directing Commissioner Ross and the GPU to return
     Petitioner's License to Carry Firearms, and his firearm as
     well.

5.   Directing Petitioner to answer in the negative, or "No," to
     any question as to whether Petitioner's License to Carry
     Firearms had been revoked, in relation to this incident;

Awarding costs incurred in filing this Action and Fees pursuant to
18 Pa.C.S.A. § 6114; and award Damages for the sum of 150
million U.S. dollars pursuant 42 U.S.C.§1983.

6.

7.    All other such relief this Honorable Court deems appropriate.

8.    It is with great humility and care that we MUST seek to sustain, protect, and promote certain sacred self-evident inalienable indefeasible truths, chief among them being that all men are created equal. We know and believe this, in that we have crafted documents (… U.S. Constitution, The Bill Of Rights, The Declaration Of Independence) and forged a nation to manifest these tenets, a nation though not perfect, moving towards perfection in what we hold to be true. A government for, of, and by The People. The Defendant(s) and their Subordinates have loss their way, they have usurped and dishonored the power and authority vested in them by The People, which they have taken oaths to protect and uphold. They throw illegal policy and procedures around like confetti. And thus it is through the judicial branch, the sword of the constitution that we seek that which is Right, True and Just; without the immoral and unethical abominable trappings of those that would cast down the Law Of The Land and those things we hold most dear; Liberty and Justice for All! "…This is the first precept of the law, that good is to be done and promoted, and evil is to be avoided. All other percepts of the natural law are based on this…" T. Aquinas.

Respectfully Submitted,

_____James W. Moody, The Patron Of Philadelphia_____

# *EXHIBIT-A*

37123 -CEF
REC'D MAY 12 2016
via email

# CITY OF PHILADELPHIA

**POLICE DEPARTMENT**
HEADQUARTERS
FRANKLIN SQUARE
PHILADELPHIA, PENNSYLVANIA 19106

RICHARD J. ROSS, JR.
Commissioner

File #: G16-00158

Address:  JAMES MOODY
612 VERNON RD
Phila, PA   19119

Date: 5/11/2016

Permit #: 036776
DOB: 3/18/1967

RE: <u>REVOCATION OF LICENSE TO CARRY A FIREARM</u>

This is to advise you that your license to carry a firearm is hereby revoked in accordance with Section 6109 of the Uniform Firearms Act. Your license to carry a firearm has been terminated and/or revoked for below reason(s) for your conduct which occured on    5/2/2016 , which may have resulted in your arrest.

Arrest: ☐  Date of Arrest:          Reason For Revocation: 9999 - Good Cause

Protection Order:  ☐   Start Date:          End Date:          State/County Issued:

Probation:  ☐   Start Date:          End Date:

Stolen Weapon: ☐  Number of Weapons Taken:          Taken From Auto: ☐   Taken From Building ☐

Lost Weapon: ☐   Number of Weapons Lost:

Lost/Stolen Permit ☐   Number of Permits Lost:

Good Cause: ☐          Character and Reputation: ☐

Weapon not Properly Secured: ☐     Non-voluntary Mental Health Commitment: ☐

Associating with Known Felons: ☐          Careless and Negligent Behavior: ☐

Improper Display/Discharge of Weapon: ☐     Accidental Discharge no Injuries: ☐

Accidental Discharge with Injuries: ☐     False Information Provided to Police: ☐

Reasons for Revocation Other than Listed:

Additional Information:  Failure to produce LTCF & placed officers and community in danger.

"In addition, we reserve the right to amend or revise this notice to include such other reasons as may become known to us during our investigation of this revocation."

You are advised that you have an absolute right to appeal this revocation to the Board of License and Inspections Review. You do not need an attorney to represent you with this appeal; however, you may retain an attorney if you so desire. Appeal forms may be obtained at the offices of the Board. Municipal Services Building, 1401 J.F.K. Building, 11th Floor, Philadelphia, PA 19102, Telephone (215) 686-2428.
*If you wish to appeal this revocation, In most cases, you must do so within thirty (30) days of the date of this letter. However if your permit was revoked as a result of a pending criminal charge, you must appeal within (30) days of the disposition of your criminal case.*

You are Further advised that as of this time you are NOT LICENSED TO CARRY A FIREARM and are subject to arrest for caring a firearm with out a license. Your permit must be surrendered to the Gun Permit Unit, 900 Spring Garden St., 2nd Floor, Philadelphia, PA 19123 or it's representative within FIVE (5) DAYS of your receipt of the notification. Failure to surrender your permit will subject you to arrest under Section 6109 (i) of the Pennsylvania Crimes Code.

Sincerely,

Richard J. Ross, Jr.
Police Commissioner

*EXHIBIT-B*



37123 AGA
REC'D NOV 17 2016

# NOTICE OF DECISION

CITY OF PHILADELPHIA
BOARD OF LICENSE AND INSPECTION REVIEW
1401 J. F. K. BOULEVARD, 11th FLOOR
PHILADELPHIA, PA 19102-2097



APPEAL #: **28160**        DATE OF DECISION  **11/09/16**        DOCUMENT BEING  **G16-00158**
APPEALED:

APPEAL TYPE:  FA-REVOKE

APPELLANT:   JAMES MOODY
             612 VERNON ROAD
             PHILADELPHIA PA 19119

ATTORNEY:    ADAM KRAUT, ESQ.
             646 LENAPE ROAD
             BECHTELSVILLE PA 19505

The Board of License and Inspection Review, having held a public hearing in the above numbered appeal, after proper public notice thereof, has decided the appeal is:

## CITY AFFIRMED

ALL DECISIONS ISSUED HEREIN ARE SUBJECT TO THE FOLLOWING CONDITION(S):

NOTE: All appeals from this decision are to be taken to the Court of Common Pleas of Philadelphia County within thirty (30) days from the date of this decision.

In order to pursue your appeal in Common Pleas Court, you must order the Notes of Testimony from your hearing before the L&I Review Board.  To order the Notes of Testimony, you should contact Strehlow & Associates, the court reporting agency, at 215-504-4622. **Your appeal cannot proceed without the Notes of Testimony.**

# EXHIBIT-C

License & Inspection Review Board In Re: 28160 James Moody
November 8, 2016

CITY OF PHILADELPHIA
LICENSE & INSPECTION REVIEW BOARD
FIREARMS APPEALS HEARING

DATE:      Tuesday, November 8, 2016

LOCATION: Criminal Justice Center
          1301 Filbert Street, Room 408
          Philadelphia, Pennsylvania

Reported By: Serena A. Spotts, Court Reporter

Appeal #28160 James Moody

HELD BEFORE:
          KENNETH WOODSON, CHAIRMAN
          STEPHEN PETTIT, BOARD MEMBER
          JESSE COHEN, BOARD MEMBER
          RACHEL GALLEGOS, BOARD MEMBER

ALSO PRESENT:
          James Moody, Appellant
          Adam Kraut, Esquire for Appellant
          Bradford A. Richman, Esquire,
          Counsel for City of Philadelphia Gun
           Permit Appeals
          Officer Green, Gun Permit Unit
          Officer Cave,  Badge No. 4068
          Deborah Richardson, Court Administrator
                  - - -

*** Due to time and other constraints this Document must be sent electronically or upon Request !!! ***

STREHLOW & ASSOCIATES, INC.
(215) 504-4622

*EXHIBIT-D*

BRADFORD A. RICHMAN
ATTORNEY-AT-LAW

P.O. BOX 2694
BALA CYNWYD, PA 19004

Telephone: 215-495-9550
E-MAIL: RICHMANBRADFORD@VERIZON.NET

June 5, 2017

James Moody
612 Vernon Rd.
Philadelphia, PA  19119

Re:  License to Carry Firearms #036776

Dear Mr. Moody:

Please be advised that your Pennsylvania License to Carry Firearms #036776 which was revoked by letter dated May 11, 2016 will be reinstated forthwith.  Although I believe you were acting under a common misunderstanding of the law, to your credit you were at all times calm and respectful in your interaction with the police officers.

Please contact Officer M. Green of the Gun Permits Unit to arrange a convenient time to pick up your permit.  Her phone number is 215-685-3670.  I believe she will be out of the office next week, so you may want to call her this week.

Please contact me if you need any further information.

Sincerely,

BRADFORD A. RICHMAN
Counsel for the City of Philadelphia

BAR/
cc:   Philadelphia Police Gun Permit Unit

Certified Mail – Return Receipt Requested

OUTSIDE COUNSEL FOR THE CITY OF PHILADELPHIA
IN GUN PERMIT APPEALS TO THE
BOARD OF LICENSE AND INSPECTION REVIEW

*EXHIBIT-E*

## *MOTION RESPONSE*

1) Mr. James W. Moody's name is NOT John Doe.

2) Upon filing his brief, Mr. Moody requested (1st page of brief) that his true and proper name replace the fictitious nomenclature of John Doe.

3) Prior to this request Mr. Moody was labeled "DOE ".

4) As of yet this has not occurred, Mr. Moody has not sought , nor desires anonymity in regards to this and all matters related to this case or subsequent cases or matters.

5) "JOHN DOE vs. CITY OF PHILADELPHIA (Agency: Broad of Licen." Is a fictitious false narrative appearing to hide the truth, cause and nature of sordid events orchestrated against Mr. James W. Moody.

7) Mr. James W. Moody once more and with great humility requests/motions that the court see this simple request granted: James W. Moody vs. THE CITY OF PHILADELPHIA (etc.)

8) At no time has Mr. Moody sought, requested, nor otherwise engaged the counsel, recommendation, nor opinion of Mr. Richman (33887)

9) Mr. Richman is in opposition to Mr. Moody, and does NOT speak for Mr. Moody.

10) On May 11, 2016, Appellant James W. Moody's License to Carry Firearms was revoked by The City Of Phila. Police Dept. However, NO charges were ever filed.

11) On Nov. 9, 2016 following a private closed hearing conducted by the Board of License & Inspections Review where Mr. Moody and his attorney were the only ones allowed to enter the standing room only hearing, where he and his attorney where forced to stand the entire time due to the mass crowding of the chamber ...that was filled with city officials and Police; a show of force meant merely to intimidate. The revocation was upheld. However, again no charges were filed nor submitted, subsequently Mr. Moody was denied "Due Process".

12) On Dec. 2, 2016 Appellant filed an appeal of the Board's decision and cited numerous violations to his Right to Due Process as denied by the Board and multiple and various other State and Federal Constitutional Rights violations. In addition he also requested the return his License to Carry Firearms (LTCF), His property which the CITY OF PHILADELPHIA has illegally and unconstitutionally attached his State and Federally protected God given inalienable indefeasible rights and powers to have and bear arms.

13) *Oral argument* on Appellant's appeal is scheduled on July 12, 2017 before the Hon. Daniel J. Anders.

14) On March 3, 2017 The Court of Common Pleas issued a Scheduling order, and thereby ordered the following in items 2)-4):

15)(2) *Motions for Extraordinary Relief*: Shall be electronically filed with the Civil Motions Program through the Motions section of the Electronic Filing System not later than 01-MAY-2017. Any requests for continuance should also be filed as a Motion for Extraordinary Relief. Movant (Mr. Richman, hereafter referred to as "Movant") failed to do so by ordered deadline.

15a) Furthermore according to the aforementioned order pertaining to Motions for Extraordinary Relief, Movant has exceeded the ordered deadline for Motions and has **no right** to such a brazen derelict claim.

16) (3) **Briefs**:" ...Appellee's brief is due by 05-JUN-2017. Brief shall be electronically filed in the Existing Case section of the Electronic Filing System, and served upon all opponents." ...And yet again the Movant failed to do so by ordered deadline.

16a) **210 Pa. Code Rule 2188** states: If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

16b) **Federal Rules of Appellate Procedure, Rule 31(c): Consequence Of Failure To File**, ...An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.

17) **Oral Argument**:  On the legal merits of this appeal will take place anytime after 03-JUL-2017. Notice of the scheduled date, time and location will be sent to all interested parties at least fifteen (15) days prior to the scheduled event. **Please note that once the argument date is set there will be no continuances granted.**

18) No (determiner): not any. "there is no excuse!" (adverb) not at all; to no extent. No in it's 34 various definitions is used to express a Negative outcome, answer, or result, as in "no continuances granted" as stipulated by Daniel Anders, J., Team Leader.

19) By letter June 5, 2017 (not June 5, 2016 as falsely/erroneously stated in point 5 of Movant's Motion for dismissal) Appellant was notified that the Philadelphia Police Department was reinstating his License to Carry Firearm (LTCF).

20) The following week, Appellant went to the Police Gun Permits Unit and picked up his License to Carry Firearms which had been reinstated and valid as acknowledged by the Movant i.e. Motion to dismiss.

21) On June 16, 2017, several days after picking up his valid LTCF the Appellant, while out jogging was accosted by Police and immediately "locked up!"

22) Whereupon, the Police placed the Appellant handcuffed in the back of a closed paddy wagon where the outside temperature was 82 degrees (Accuweather.com)

23) Appellant was confined in the enclosed vehicle for more than 30 minutes where the interior temperature exceeded 114 degrees based upon Dept. of Geosciences, San Francisco State University data. (This is a Human Rights Violation!)

24) After some time Appellant was released from being unlawfully "Locked up!" without having any form of identification upon his person and without identifying himself verbally.

25) Police stopped and stated to Appellant that they were given orders to arrest him on site, if found open carrying. Thus lending it self to the notion that Appellant was at that time maliciously targeted by the Philadelphia Police.

26) The Appellant at the time of the incident apprised the Police of his Rights/Powers as guaranteed and protected by the State and Federal Constitutions and accused them of stealing his property (his firearm) during the encounter.

27) **Without having identified himself in Any manner and exercising his aforementioned Rights/Powers, all well with in the well established confines of the Law OF The LAND, Appellant was released without apology or arrest.**

28) "Without arrest" and No charges clearly demonstrates that no crime or violation of the Law has been committed on the part of James W. Moody, Appellant.

29) It is moot however, whether the same may be said of the highly irregular actions of the Police and those in opposition to Appellant's pursuit of Justice; la belle dame sans regrets.

30) On *June 16, 2017*, shortly after Appellant is illegally "locked up", Movant, expeditiously proceeded to file "Motion to Dismiss as Moot" , in person according to his signature and handwritten date: "6/16/17" at the bottom of the *Motion's 2nd Cover Sheet.*

31) *The 1st Motion Cover Sheet*, which was typed, lists the filing date as June 19, 2017 10:37 a.m. and the Answer/Response date: 06/29/2017.

32) The final page dated June 16, 2017 that describes relief requested, has a handwritten Response due date of July 30, 2017 and certified to be true and correct in Movant's signature as it appears on said document.

33) Motion was verified and stamped: 19 JUN 2017 10:37am Civil Administration E. MASCUILLI.

34) Immediately thereafter on June 20, 2017, in yet another show of force, a contingent of police were dispatched to Mr. Moody's residence where they hand delivered a new and improved Revocation Letter pertaining to his gun license, as it pertained to the June 16, 2017 "Lock up".

35) Concerning Revocation, section 6109 states: Notice shall be sent by certified mail to the individual whose license is revoked, It makes NO mention there of pertaining to illegal trespass or misuse of police power upon revoked license holder.

36) Furthermore, According to Court of Common Pleas docket no. 121203785 Settlement Agreement page 11.

37) item 11): The City will not require LTCF applicants or holders to disclose to law enforcement that they have an  LTCF, that they are carrying a firearm or that they have a firearm in the vehicle; and

38) 12): The City will not confiscate an LTCF or firearm, unless there is probable cause that the LTCF or firearm is evidence of a crime...

39) Movant has failed to meet Any standard that merits consideration of Any kind as it pertains to the malicious continued and perpetual fleecing of the undeniable indefeasible rights/Powers of Mr. James W. Moody.

40) Movant's forfeiture to meet ALL prescribed deadlines as ordered by the court demonstrates an unwillingness or unableness to present sufficient Oral Argument.

41) To allow this would be a further miscarriage of Justice.

42) Malice and contempt has been visited upon Mr. Moody by those that have taken solemn oaths to safeguard and protect our freedoms, yet their actions are those of depraved men given over to reprobate minds, ...Akin to those of monsters masquerading as men.

43) Beseeching the court; let not Truth, Justice, and Reason fall to brute force, but let it be met in like kind with that which is moral and ethical.

44) Where All the elements may be weighted and measured and held in the Crucible; where what is right and true may be found.

45) In purpose and in truth, an unjust attack on one man anywhere, is an unjust attack on all men everywhere.

46) The Rule Of Law demands redress, in that No one stands above it, to ignore this is to lend to it's further desecration, and where then,... shall we find ourselves?

47) The aforementioned stand as a testament, a veritable litany of the egregious nature of the vile corrupt machinations set in motion against Mr. James W. Moody.

48) Without cause, without merit, without the slightest regarding to so common a thing as decency.

49} No Honor, no integrity, no virtue, no not None!, of the things that are prerequisite in and to the sustainability of Freedom, Truth, Justice, Hope, and Liberty...

50) Alas, there is a grave issue at hand that must be weighted upon the brows of men of conscience, that we are not,...one and all, undone.

51) It is A Court, a tribunal, i.e.  a court of Justice, with the authority to adjudicate legal disputes between parties  and carry out the administration of Justice in matters in accordance with the rule of law.

52) The **rule of law** is the legal principle that law should govern a nation, as opposed to being governed by decisions of individual government officials.

53) It primarily refers to the influence and authority of law within society, particularly as a constraint upon behavior, including behavior of government officials.

54) Enough is enough, in order that that Court may glean further undeniable Truth of the tumorous malignancy that festers and propagates in it's very halls.

55) Appellant James W. Moody submits the following irrefutable truth and the evidence thereof, of events as they occurred on June 16, 2017.

55a) https://youtu.be/mFhQXPGkBLk

55b) https://youtu.be/ov6iQxyUpjM

56) Wherein Appellant was respectful and courteous at all times, and even jovial, all while being mistreated and criminalized. (June 16,2017)

57) Wherein The Appellant obeyed all commands both Lawful and otherwise as issued by the Philadelphia Police Department.

58) Much to their discredit, however, falsified official Police Reports in a malicious attempt to discredit, Defame, and malign an honorable man, to bring slanderous bogus criminal charges against Mr. Moody.

59) Filing a false Police Report is a crime in Pennsylvania.

60) Rule of Law dictates that No one is above the law and constrains the behavior of the government.

61) The government has failed Mr. Moody in a tremendous and irreparable way in that he has been maliciously targeted, sought out with criminal malicious intent to place his life in jeopardy and danger; through ordered targeted confrontation with corrupt armed agents thereof.

62) The Evidence will also reveal, that the Movant's statement: "...Unlike the prior encounter, Responded/Appellant became belligerent towards the officers."

63) To be a LIE, a gross mischaracterization at best; ...in a word, untrue, by All accounts.

64) 10-615, Disorderly Conduct, is the False Charge levied against Appellant, however, this is once again proven to be a falsehood as well in the evidence as provided by Appellant.

65) The Victim of gross and outrageous criminal misconduct.

66) The charge (10-615) of which may carry up to a one year prison term and/or a fine of $2500.00.

67) In effect robbing Mr. Moody of his rights/powers as protected under the Constitution of The United States.

68) The charge also shows up on criminal record history checks, that would unquestionably place Appellant at greater and graver risk in interactions with law enforcement agents.

69) It would also revoke his State and Federal Security Clearances, also voiding his ability to bid in Government Contracts of a Classified or restricted nature. Thus nullifying his ability to provide for his family.

70) As to date there are No, elements of Any nature that would prohibit or bar Appellant from maintaining or obtaining any and all security ratings and clearances necessary in the commission of Government or private commence and industry.

71) These are but a few of the detrimental effects of the false charges made against Mr. Moody.

72) June 16, 2017 The day of unlawful stop Movant files a Motion to render the case Moot through a Motion For Extraordinary relief sometime after the unlawful and unprovoked locking up of Appellant.

73) Where upon he was handcuffed and forced to wait in a closed Police van were temperatures excessed 114 degrees, while Police Mocked, ridiculed, and berated Appellant to curious passersby.

74) Because, He dared to even consider that he had the right to exercise the rights/powers given unto him by GOD.

75) An integral and vital part of his culture and heritage, based on the Truth, the truth of Freedom.

76) The truth that All men are created equal, and in their creation, that they are endowed.. by their divine creator…

77) Certain inalienable indefeasible Rights/Powers, not of governments nor of nations, but of their creator, and it is of these rights and powers that government and nations are borne into existence,

78) For no nation, no government exists without A People!

79) Mocked, scorned, and ultimately falsely imprisoned and betrayed by those of whom he had vested a portion of his rightful power, as one of we; We The People.

80) To illustrate that Mr. Moody was targeted, when as accosted by Police, Appellant stated that he recalled one of the first two policy enforcers, to which the enforcer acknowledged.

81) This is further confirmed in policy enforcer's statement that: "As far as I know, your permit was revoked!"

82) However, instead of making a simple phone call to ascertain the true nature and status of the LTCF.

83) During the exchange Appellant stated that he did not have to prove innocence, to which the officer responded yes, you do!

84) However, one of the most sacred elements in the American justice system, holds that one is innocent **Until** proven guilty.

85) At which time officer stated that he needed to see Appellant's LTCF, to which Appellant responded telling the officer that he didn't have any I.D.

86) Whereupon Appellant was immediately "locked up", at no time during Mr. Moody's unlawful arrest was he ever read his Miranda Rights. Nor , were they able to articulate the law that they believed to be violated.

87) The simple reason being that there was **NO** law being violated by Appellant.

88) The Philadelphia Police Department were the sole violators of the peace, the Public Trust, and the Law.

89) All in their continued and persistent refusal to adhere to and follow the terms of the following items  as ordered by Judge Jacqueline Allen, Court of Common Pleas.

90) Court of Common Pleas docket no. 121203785 Settlement Agreement page 11.

91) item 11): The City will not require LTCF applicants or holders to disclose to law enforcement that they have an  LTCF, that they are carrying a firearm or that they have a firearm in the vehicle; and

92) 12): The City will not confiscate an LTCF or firearm, unless there is probable cause that the LTCF or firearm is evidence of a crime...

93) It is the City and it's agents, who have violated State and Federal Law, violated State and Federal Articles and Amendments of  Constitutions.

94) It is the City and Agents that have violated, harassed and Targeted Mr. Moody in a criminal manner pertaining to the lawful and Constitutional usage of **His Right/Powers**.

95) All done under the color of law, against **The Law;** and so common a thing as common courtesy, ..decency would seem to be to far a reach.

96) All the efforts and resources pooled and channeled in the undoing of **One Good Man!**

97) Criminalized and treated in a demoralizing fashion as he was pull, pushed and prodded about, all while handcuffed as if a common criminal.

88) Eventually only to find himself locked into a **"sweat box"** as one officer called it; this was a Human Rights violation.

89) Various members of the Philadelphia Police Department are heard making the following statements as provided in the evidence provided by Appellant.

90) ...247961, this may be a badge number, this is from an unknown officer that was in a hurry to leave early.

91) ..."Sargent Ryan will help you..." pertaining to filing paperwork/charges (?)

92)..." Sargent Ryan and Lieutenant (sounds like Dender!?!) **said Fuck it, take it away again!"** to which the officer laughed! These remarks were made pertaining to the fact that Appellant James W. Moody did indeed have a valid LTCF.

93) One joked about looking fat on Youtube "Tonight!"

94) Unknown, " It's still in good status...I'll walk you through how to fuckin' take it,...We'll just sit down and I'll type that shit up..Hehe... we'll/I'll take care of everything!"

95) "**Now, disorderly conduct?!?, is going to be for What?"**

96) "Failure to comply with police commands!"

97) "Oh!, is that what it is?!?"

98) "I mean that will be the reason in your story."...Failure to follow Police commands armed with a firearm on his hip."

**99) Note the omission of the now verifiable facts as they actually occurred, which refutes all falsified Police accounts of the incident!**

100) Furthermore, Movant's name is mentioned several times in conjunction with the unlawful taking (stealing) of the firearm: " **GUN WAS TAKEN Per Brad Richman!"** (June 16, 2017)

101) Movant is tainted and lies treacherously and willfully entangled in these matters. This miscarriage of Justice in no mean way!

102) We further humbly submit,  that in the pursuit of Justice that Movant be recused from case.

103) To ignore or overlook these **FACTS & EVIDENCE**, is to allow and thereby condone the further molestation of the daughters of the Court; Freedom, Truth and Justice...

104) Moreover, as previously stated Movant has knowingly, negligently, and contemptuously disregarded any and all prescribed deadlines as ordered by the court to All parties regarding these matters.

105) In particular these matters pertaining to Motions and The Relief thereof...

106) Further the Movant has failed to meet the prerequisite requirement of any semblance of Proof! He has none other than, falsified criminal documents and activity manufactured and produced by a Corrupt Police Force in which he is in cahoots!

107) Movant has failed to meet Any standard that merits consideration of Any kind as it pertains to the malicious continued and perpetual fleecing of the undeniable indefeasible rights/Powers of Mr. James W. Moody.

108) Movant's forfeiture to meet ALL prescribed deadlines as ordered by the court demonstrates an unwillingness or unableness to present sufficient reason or merit endless opportunities for Movant to disrespect the Court and the Rule of Law.

109) To allow this would be a further miscarriage of Justice and only serve to allow further irreparable damage and treachery to Mr. Moody, his image, character and his family, and Their standing as good law abiding citizens in the community, in which they live, work, go to school and socialize.

110) It has to the Appellant's attention that Movant's Motion was grant, however, the Court has neglected to allow Appellant Any opportunity to respond to Movant's Motion: for Allowance of Late Filing of Brief, before adjudicating.

11) This is **Extremely troubling** with respect to the fact that Appellant is still well within the Court prescribed/order deadline for Response to Movant's Motion.

`

Respectfully submitted,

James W. Moody

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**Court of Common Pleas of Philadelphia County**

| | | |
|---|---|---|
| Appeal of James W. Moody | : | **CIVIL TRIAL DIVISION** |
| **Vs.** | : | |
| **CITY OF PHILADELPHIA** | : | **TERM, 2016__** |
| **Agency:** | : | |
| **BOARD OF L&I (Appeal No.28160)** | : | **NO. 00140** |

## ORDER

   **AND NOW,** this      day of July, 10 , upon consideration of the *Motion*

*for Allowance of Late Filing of Brief* filed on July, 10 2017 , and upon consideration of

the evidence and/or legal arguments presented, **IT IS HEREBY ORDERED,**

**ADJUDGED and DECREED** that: Motion for Allowance of Late Filing of Brief is

denied.

            **BY THE COURT:**

            _____

                 **J.**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**Court of Common Pleas of Philadelphia County**

| | | |
|---|---|---|
| Appeal of James W. Moody | : | **CIVIL TRIAL DIVISION** |
| **Vs.** | : | |
| **CITY OF PHILADELPHIA** | : | **TERM, 2016__** |
| **Agency:** | : | |
| **BOARD OF L&I (Appeal No.28160)** | : | **NO. 00140** |

## ORDER

**AND NOW,** this            day of July, 10 , upon consideration of the *City of*

*Philadelphia's immediate return of Mr. James W. Moody's Firearm* filed on July, 10

2017 ,  and upon consideration of the evidence and/or legal arguments presented, **IT IS**

**HEREBY ORDERED, ADJUDGED and DECREED** that: James W. Moody's firearm

be returned immediately to his person.

**BY THE COURT:**

_____

                                    **J.**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**Court of Common Pleas of Philadelphia County**

| | | |
|---|---|---|
| Appeal of James W. Moody | : | **CIVIL TRIAL DIVISION** |
| Vs. | : | |
| **CITY OF PHILADELPHIA** | : | **TERM, 2016__** |
| **Agency:** | : | |
| **BOARD OF L&I (Appeal No.28160)** | : | **NO. 00140** |

## ORDER

**AND NOW,** this            day of July, 10 , upon consideration of the *Motion for Injunctive Relief pertaining to the unlawful Revocation filed and served on June, 20 2017* filed on July, 10 2017 ,  and upon consideration of the evidence and/or legal arguments presented, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that: Motion for Injunctive relief is Granted and that Mr. James W. Moody's LTCF is reinstated posthaste.

**BY THE COURT:**

_____

**J.**

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| JOHN DOE | : | CASE I.D. NO.: 161200140 |
| v. | : | |
| | : | |
| PHILADELPHIA BOARD OF | : | |
| LICENSE AND INSPECTION | : | |
| (Commissioner Richard Ross, Jr. and | : | CONTROL NO.: 16120915 |
| The Gun Permit Unit of the | : | |
| Philadelphia Police Department) | : | |

## ORDER

AND NOW, this 8th day of December, 2016, Petitioner's Motion to Seal the statutory appeal of the revocation of gun permit is DENIED. This case to proceed with statutory appeal in accordance with this Court's protocol on statutory appeals for the revocation of firearm permits. The Prothonotary to issue a Case Management Order in the regular course.

BY THE COURT:

CARPENTER, J.

Doe Vs Board Of License-ORDER

16120014000009

RECEIVED

DEC 0 8 2016

OFFICE OF JUDICIAL
RECORDS

Case ID: 16120014

Scanned by CamScanner

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| John Doe, | : | |
| Petitioner/Appellant | : | Appeal of Local Agency Action |
| vs. | : | |
| Philadelphia Board of License and Inspection Review (Commissioner Richard Ross Jr. and the Gun Permit Unit of the Philadelphia Police Department) | : | No. 161200140 |
| Respondent/Appellee | : | |

**RECEIVED**

MAR 2 3 2017

**OFFICE OF JUDICIAL RECORDS**

~~PROPOSED~~ **ORDER**

AND NOW, this 23rd day of March , it is hereby **ORDERED** and

**DECREED**, that upon consideration of the within Motion of Petitioner's Counsel for Leave to

Withdraw as Counsel and any response thereto, it is hereby **ORDERED** that this Motion is

**GRANTED**. Petitioner's counsel, Adam Kraut, Esq. is discharged as counsel to Petitioner as of

this date. Petitioner will represent himself *pro se* unless he retains new counsel.

BY THE COURT:

J.

Doe Vs Board Of License-ORDER

16120014000026

Case ID: 161200140
Control No.: 17022144
Case ID: 16120014

Scanned by CamScanner

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**Court of Common Pleas of Philadelphia County**

| | | |
|---|---|---|
| Appeal of James W. Moody | : | CIVIL TRIAL DIVISION |
| Vs. | : | |
| CITY OF PHILADELPHIA | : | TERM, 2016__ |
| Agency: | : | |
| BOARD OF L&I (Appeal No.28160) | : | NO. 00140 |

### ~~TRIAL~~ ORDER

AND NOW, this **3ʳᵈ** day of ~~June~~ July, 20 1**7**, upon consideration of the

*Motion for to Dismiss as Moot*  filed on June 19, 2017 ,  and upon consideration of the

evidence and/or legal arguments presented, **IT IS HEREBY ORDERED, ADJUDGED**

and **DECREED** that: Movant's Motion for Dismiss as Moot is denied. *without*

*prejudice to evidence that Moody's License*
*to carry a firearm has been re-instated.*

BY THE COURT:

_____

J.

Doe Vs Board Of License-ORDER

16120014000042

Case ID: 161200140
Control No.: 17062068
Case ID: 16120014

Appeal of JOHN DOE         :     **COURT OF COMMON PLEAS**
                           :     **PHILADELPHIA COUNTY**
                           :     **CIVIL TRIAL DIVISION**
                           :
       **vs.**                :     **DECEMBER TERM, 2016**
                           :
**CITY OF PHILADELPHIA**     :     **NO. 00140**
                           :
**Agency:**                    :
**BOARD OF L & I (Appeal No.28160)**  :

## ORDER

And now, this _____ day of July, 2017, upon consideration of the City of

Philadelphia's *Motion for Allowance of Late Filing of Brief*, and any response thereto, it is

hereby ORDERED AND DECREED that the motion is GRANTED. The City of

Philadelphia may file its brief prior to the oral argument before the Court.

                                                **J.**

Doe Vs Board Of License-ORDER

Case ID: 161200140

Control No.: 17070528

Scanned by CamScanner

# *EXHIBIT-F*



# CITY OF PHILADELPHIA

**POLICE DEPARTMENT**
HEADQUARTERS
FRANKLIN SQUARE
PHILADELPHIA, PENNSYLVANIA 19106

Richard J. Ross
Commissioner

File #: G16-00168

Address: JAMES MOODY
612 E. VERNON RD
Phila, PA  19119

Date: 6/20/2017

Permit #: 36776

DOB: 3/18/1967

## RE: REVOCATION OF LICENSE TO CARRY A FIREARM

This is to advise you that your license to carry a firearm is hereby revoked in accordance with Section 6109 of the Uniform Firearms Act. Your license to carry a firearm has been revoked for the following reason(s) for YOUR CONDUCT which occured on   6/16/2017 , which may have resulted in your arrest.

Arrest: ☐  Date of Arrest:                  Reason For Revocation: 9999 - Good Cause
Protection Order: ☐  Start Date:               End Date:            State/County Issued:
Probation: ☐  Start Date:              End Date:
Stolen Weapon: ☐ Number of Weapons Taken:        Taken From Auto ☐   Taken From Building ☐
Lost Weapon: ☐  Number of Weapons Lost:
Lost/Stolen Permit ☐   Number of Permits Lost:

| | |
|---|---|
| Good Cause: ☑ | Character and Reputation: ☑ |
| Weapon not Properly Secured: ☐ | Non-voluntary Mental Health Commitment: ☐ |
| Associating with Known Felons: ☐ | Careless and Negligent Behavior: ☑ |
| Improper Display/Discharge of Weapon: ☐ | Accidental Discharge no Injuries: ☐ |
| Accidental Discharge with Injuries: ☐ | False Information Provided to Police: ☐ |

Reasons for Revocation Other than Listed:
Additional Information:  FAILURE TO PRODUCE LTCF. WHICH PLACED YOU, THE OFFICERS AND THE COMMUNITY IN DANGER.

"In addition, we reserve the right to amend or revise this notice to include such other reasons as may become known to us during our investigation of this revocation."

You are advised that you have an absolute right to appeal this revocation to the Board of License and Inspections Review.  You do not need an attorney to represent you with this appeal; however, you may retain an attorney if you so desire.  Appeal forms may be obtained at the offices of the Board.  Municipal Services Building, 1401 J.F.K. Building, 11th Floor, Philadelphia, PA 19102, Telephone (215) 686-2428.

*If you wish to appeal this revocation, in most cases, you must do so within thirty (30) days of the date of this letter.  However if your permit was revoked as a result of a pending criminal charge, you must appeal within (30) days of the disposition of your criminal case.*

You are Further advised that as of this time you are NOT LICENSED TO CARRY A FIREARM and are subject to arrest for caring a firearm with out a license.  Your permit must be surrendered to the Gun Permit Unit, 900 Spring Garden St., 2nd Floor, Philadelphia, PA 19123 or it's representative within FIVE (5) DAYS of your receipt of the notification.  Failure to surrender your permit will subject you to arrest under Section 6109 (i) of the Pennsylvania Crimes Code.

Sincerely,

Richard J. Ross Jr
Police Commissioner

*EXHIBIT-G*

Commissioner Ross,

     You spear the head of All the Power and Authority that all the men, women, and children of this city have vested in you, and for reasons of your own, have allowed that power, the People's Power to become vile and corrupt in unjust, cruel, and malicious vendetta raised upon me. Such things stir me from slumber, to stand wholly blameless, only to find myself willfully assaulted. Condemned and persecuted by those that would lay rough hands upon me, for a thing, I have not done. By the very One's, that have taken an oath to protect me from such things as these…To see me undone…

     I shall not attempt to persuade you of my blamelessness in these matters, when it is clearly self-evident. I will merely say this:  That All men should be able to stand in front of the mirror and look the innocent child that they once were in the eye, and stand blameless before that child…You know my name! Yet in sad attempt you and your cohorts have sadly fallen short of my true weight and measure.

     My father said: that "Almighty GOD, sent us all here with but one, thing. Our WORD, and that if your word was no good, then you were, no Damn good!"…Sir, My Word is Impeccable! And I furthermore and in all sincerity give it to You, that in five (5) days. If you have not returned to me, my property, my firearm that was unconstitutionally, unlawfully, willfully and forcibly taken; under the threat of violence upon and from my person…And in violation of your pre-agreed behavior as stated in the matter of John Doe, et al., v. City of Philadelphia, et al, Philadelphia Court of Common Pleas docket no. 121203785 regarding such circumstances as they transpired on 6/16/2017 when the Philadelphia Police Department stole my firearm at your behest. I will immediately and without pause file firearms theft charges against you, the Philadelphia Police Department, and Bradford A. Richman with the proper Authorities.

                               Thank you for your time,
                               and consideration.

                               James W. Moody,
                               The Patron Of Philadelphia.

# *EXHIBIT-H*

BRADFORD A. RICHMAN
ATTORNEY AT LAW

P.O. BOX 2694
BALA CYNWYD, PA 19004

Telephone: 215-405-9900
E-MAIL: DR_RICHMAN@COMCAST.NET

June 5, 2017

James Moody
612 Vernon Rd.
Philadelphia, PA 19119

Re: License to Carry Firearms #036776

Dear Mr. Moody:

Please be advised that your Pennsylvania License to Carry Firearms #036776 which was revoked by letter dated May 11, 2016 will be reinstated forthwith. Although I believe you were acting under a common misunderstanding of the law, to your credit you were at all times calm and respectful in your interaction with the police officers.

Please contact Officer M. Green of the Gun Permits Unit to arrange a convenient time to pick up your permit. Her phone number is 215-685-3670. I believe she will be out of the office next week, so you may want to call her this week.

Please contact me if you need any further information.

Sincerely,

BRADFORD A. RICHMAN
Counsel for the City of Philadelphia

BAR/
cc:   Philadelphia Police Gun Permit Unit

Certified Mail – Return Receipt Requested

OUTSIDE COUNSEL FOR THE CITY OF PHILADELPHIA
IN GUN PERMIT APPEALS TO THE
BOARD OF LICENSE AND INSPECTION REVIEW



# CITY OF PHILADELPHIA

**POLICE DEPARTMENT**
HEADQUARTERS
FRANKLIN SQUARE
PHILADELPHIA, PENNSYLVANIA 19106

Jim Kenney
Mayor

Richard J. Ross
Commissioner

**File: NWDD 17-94**                                    Date:  7/13/2017

**Property Receipt: 3300318**

Dear JAMES MOODY

For:

The Philadelphia Police Department is in receipt of your letter. The Police Commissioner has forwarded your request for the return of a firearm(s) to the Detective Bureau for Processing. Upon completion of our investigation, you will be notified of the result in writing.

Please contact the Gun Return Detective at the below listed number that corresponds with your file number listed above if there are any questions regarding your request.

EDD – Det. Fudge 215-685-3298
NEDD – Det. Boyd 215-686-3153            *Det. Anderson*
NWDD – Det. Geliebter 215-548-4757
CDD – Det. Wiegert 215-6863093
SDD – Det. Hunker 215-685-1625
SWDD – Det. Lickarobic 215-686-3183
HOM – Det. Serrano 215-686-3334

For the Police Commissioner:

Sincerely,

P/o Mines #1481

Lisa King
Lieutenant                                    #301
Commanding Officer
Gun Permits Unit



# CITY OF PHILADELPHIA

**POLICE DEPARTMENT**
HEADQUARTERS
FRANKLIN SQUARE
PHILADELPHIA, PENNSYLVANIA 19106

Jim Kenney
Mayor

Richard J. Ross
Commissioner

Date: 8/3/2017

File #: **NWDD 17-94**
Property #: **3300318**
RE:

Dear  JAMES MOODY

In reference to your communication requesting the return of a firearm which is in Police Custody, the Police Department does not deem it feasible to comply with your request.

The Philadelphia Police Department wishes to advise you that under **Rule 588 of the Pennsylvania Code of Criminal Procedure,** you have the right to petition the court for the return of your property.  You or your attorney should prepare the petition and then file in Common Pleas Court, Room 206, Criminal Justice Center, 1301 Filbert St.

Sincerely,

James J. Kelly III
Chief Inspector
Detective Bureau

Scanned by CamScanner

# CITY OF PHILADELPHIA
# CODE VIOLATION
# NOTICE

| 1875258-0 | DATE 06/16/17 | TIME 11.59 |
|---|---|---|

NAME OF VIOLATOR  James W Moody

ADDRESS OF VIOLATOR  612 Vernon Rd

CITY  Philadelphia  STATE  PA  ZIP  19119

VIOLATION
STREET CODE

LOCATION OF VIOLATION  HOUSE #  6300  DIRECTION  STREET NAME  Stenton Ave  DESIGNATION

OWNER CODE

OWNER

OWNER ADDRESS

CITY  STATE  ZIP

**YOU ARE HEREBY NOTIFIED THAT YOU VIOLATED THE FOLLOWING SECTION OF THE PHILADELPHIA CODE.**

If payment is not received within 10 calendar days, a $25.00 additional penalty is due.

| 01 ☐ | PM 302.3 | High Weeds | $75 |
|---|---|---|---|
| 04 ☐ | 10-704.1 | Sidewalk not Litter Free | $50 |
| 06 ☐ | 10-714.1 | Premises not Litter Free | $50 |
| 07 ☐ | 10-717.1A | Trash Set out Early | $50 |

FINE AMOUNT FOR VIOLATION LISTED BELOW IS CIRCLED

$25    $50    $75    $100    $150

19 ☐ Other  10-615 (2) Disorderly Conduct

Comments:  Failure to obey police's commands due to arm with firearm on right side of body

If your check is returned unpaid for insufficient or uncollected funds (1) you authorize eCollect, LLC to make a one-time electronic fund transfer from your account to collect a fee of $20; and (2) eCollect, LLC may represent your check electronically to your depository institution for payment.

| Issuing Officer  Ramirez | Badge No.  5-33 | Dept  PPD | Viol Dist  14 |
|---|---|---|---|
| Issued | | Other | |