# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James W. Moody

: Vs. :

THE CITY OF PHILADELPHIA, et al.

CIVIL ACTION

No. 2:18-cv-02413



FILED
NOV 19 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PLAINTIFF(S)' RESPONSE TO SECOND MOTION TO DISMISS

   Unbelievable…It is with great dismay, utter awe, and complete dread at what the Defendants and now even the Movant are attempting to do in order that their wickedness might prevail; that being said, I NOW Affirm and, Reaffirm that I shall not dim nor waiver, nor shall I relent in my cause to seek and have JUSTICE. For, there is not even a notion or question of my guilt nor innocence as I have broken NO LAWS, neither legal, nor ethical, nor moral for that matter, there is ABSOLUTELY NOTHING, NOT ONE, single solitary violation that one might say I have committed, not one. I stand before this great and honorable court, utterly and completely Blameless, yet here I stand…, " The arc of the moral universe is long, but it bends toward justice." I look to this noble court that I may have this JUSTICE! To this end I respectfully aver the following:

   Defendants have offered not a shred of evidence, nor charge against Plaintiff; however they have unlawfully and in violation of court orders and agreements have stolen and stripped Plaintiff of

personal property (firearm and LTCF) and a multitude of Constitutionally protected Rights, Freedoms, and Powers, and as this great court is the Vanguard of such things Plaintiff merely asks for access to the Court and access to The Constitution…

1) To this end Plaintiffs asks this Court to consider the following, Movant seeks 2nd Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). This is ludicrous, at no time has Plaintiff been deficient in this regard, unless one cites the first Motion for dismissal by Movant in which Movant and Defendants changed the venue of this case unbeknownst to Plaintiff and without proper notification to Plaintiff, and without due diligence on the behalf of Movant or Defendants when ALL of Plaintiffs' contact information was readily available and at their disposal, in an effort at what seemingly appears to an effort to "sneak one by" as it were.

2) Plaintiff requests the Movant's Motion be denied pursuant to Federal Rules of Civil Procedure 12(b)(1) as Movant has failed to respond prior to or on the prescribed due date and asked the court for an extension; however, Movant failed to meet this court ordered deadline as well. In response to Plaintiffs' complaint.

3) According to public records Movant failed to file response to Plaintiffs' Complaint by the prescribed time or the ordered and allotted time of Oct 22, 2018. Motion was filed on the 23rd of October and is therefore defective pursuant Federal Rule of Civil Procedure 12(b)(1).

4) 9/13/2018 – 10/23/2018, a total of 41 days, 984 hours, 59,040 minutes, 3,542,400 seconds in responding to Plaintiffs' complaint, yet Movant seems to operate by an alternate set of Rules of Civil Procedure, and thus the Motion should be denied pursuant to Federal Rules of Civil Procedure 12(b)(1) as suggested by Movant.

5) Plaintiff filed complaint May 1, 2018, yet Defendants' failed to respond within the time frame allotted by Pa. Rules of Civil

Procedure.

6) Instead, some 37 days later June 8, 2018 nearly twice the mandated time removing the Action to this venue, without properly informing Plaintiff of the ensuing circumstances, nor with respect to what actions would be needed to be taken that the Plaintiff might be duly notified on the Federal Electronic Platform. Hence, in not responding to complaint Defendants failed once more to meet the perquisite criteria regarding Civil Procedure and thus their motion should be denied.

7) Moreover, Movant's 2nd Motion to Dismiss should be denied and Movant should be cited for flagrant violation of the Federal Rule of Civil Procedure 11(b)(1).

8) In a shabby and unsavory manner Movant seeks to mislead the Court in a most unbecoming fashion regarding that the Court abstain from jurisdiction over Plaintiffs' Claims in this matter pursuant Younger v. Harris. 401 U.S. 37 (1971)

9) The **PROBLEM,** here however is that that case is predicated upon the fact that the Plaintiff, was also a Defendant that was charged with violating a statute and there was a question of guilt or innocence to be ascertained before the Court would hear the case.

10) Defendants and Movant know full well that Plaintiff is blameless of any and ALL violations or Charges and that the Younger v. Harris citing is both frivolous and reckless, without honor or merit and utterly unbecoming of the positions that they hold.

11) Moreover, upon reading the case one will find that there are (3) three exceptions to the Younger abstention: ALL of which would still apply to Plaintiff, had it been necessary, yet it is not…

12) **The Voluminous and Unfocused Nature of the Amended Complaint**

13) Movant asserts that Plaintiff's allegations are "largely duplicative, conclusory, editorial, or irrelevant."

14) "Duplicative", yes they are, the allegations are indeed

duplicated twice as it were, do to the simple fact that the Defendants acted in precisely the same manner in both instances in violation of Plaintiff's Constitutionally protected Rights, Freedoms, and Powers, and in direct violation of Court order, docket No. 121203785.

15) However, having seemingly "gotten away" with their earlier violations and indiscretions, Defendants' apparently "notched it up" in the second and more provocative encounter with Plaintiff.

16) "Conclusory" ???, It would seem that Movant drew conclusions based upon prior and personal knowledge of Defendants' modus operandi, since Plaintiff merely stated what occurred during each encounter and made no, nor suggested any conclusions.

17) "Editorial" ???, a matter of opinion one must suppose, as the Movant, is negligent in expressing how, and or to what degree…

18) Finally, " or irrelevant", this is powerful word, "or" is a pivotal word, this (2) two letter word has the ability to change time, temperature, places, things, texture, and here even context.

19) Relevant "or" irrelevant, right "or" wrong, day "or" night, etc., etc., etc.…But, how, and why are these allegations "irrelevant"??? Does the Movant know "or" doesn't he???

20) Movant also epically fails to state how the "allegations are out of order and unfocused" Movant, is remiss in providing substantive facts upon which one might draw a workable "or" reasonable basis to conclusion.

21) **Plaintiff's May 2, 2016 Stop by Police and Subsequent LTCF Revocation**

22) Movant notes that "Officer Cave . . . testified that the sole reason he stopped [Plaintiff] was because he was carrying a firearm." Id. at ¶ 118." However, Movant conveniently fails to mention that the officer also stated that he did not suspect the Plaintiff of a crime…

23) This would turn a Terry Stop into a Pretextual stop it would seem, Commonwealth v. Parker 2017 pertains to officers making unlawful stops…As was the case in this matter concerning Plaintiff. Still in violation of the Court order, making this and all elements of this illegal stop, unlawful.

24) **Plaintiff's June 16, 2017 Stop by Police and Subsequent LTCF Revocation : Movant states that,**

25) "On June 16, 2017, Plaintiff was "accosted" by police while jogging. Id. at ¶ 168. Plaintiff refused to identify himself or comply with a request to see his LTCF. Id. at ¶¶ 171, 213. One of the officers allegedly stated, "As far as I know, your permit was revoked!" Id. at ¶ 209. Plaintiff was handcuffed and placed in a hot wagon "for more than 30 minutes." Id. at ¶ 170. Despite Plaintiff's complaint that the officers did not make "a simple phone call to ascertain" the status of his LTCF—albeit without Plaintiff having identified himself—the officers apparently determined at some point that

26) [1] A matter of public record may be considered by the Court on a motion to dismiss. See Grp. Against Smog & Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 127 (3d Cir. 2016). To provide a degree of brevity, the referenced filings from this action are not attached hereto but can be provided by undersigned counsel to the Court and Plaintiff upon request.

27) Plaintiff's LTCF was valid. See id. at ¶ 210, 231. Plaintiff was ultimately released without arrest but his firearm was seized. Id. at ¶¶ 173–74. Plaintiff was cited for a disorderly conduct. Code Violation Notice, Am. Compl. at 116, Ex. H (ECF No. 4)."

28) Movant once more fails to deliver the whole truth, and in doing so misleads this Court… According to the recording of this particular incident the Officers already knew who the plaintiff was, furthermore one of the officers said that they were ordered to stop Plaintiff on sight.

29) It is an absolute certainty that one would be unable to accost (TARGET) a certain particular individual, unless one knew

    who that particular individual was. THIS, is an absolute certainty.
30) Moreover, Pennsylvania is not a "Stop and Identify" state and Plaintiff was under no legal "or" lawful obligation to do so..., as well as the fact that Plaintiff told the officers that he had no I.D. on him at the time, just before they locked him up.
31) "Plaintiff quotes various disjointed and mostly unattributed statements he claims the officers made during the June 16, 2017 encounter. See Am. Compl. at ¶¶ 226–37 (ECF No. 4). The import of these statements is not made entirely clear by Plaintiff, although he presumably intends them to demonstrate some sort of malfeasance on behalf of the officers. "
32) Again Movant abuses Federal Rules of Civil Procedure 11(b)(1-4), had the Movant reviewed the recordings of the unlawful encounter in accordance with *his **DUTY**,* of due diligence as an agent of the court; the so called presumption would have been crystal clear "or" clear as a bell as it were, for this evidence is undeniable and irrefutable in its' cause, purpose and scope in demonstration and display of the malicious execution of the malfeasance of the Defendants and Co-defendant.
33) Furthermore, in both incidents and at both times, Defendants were in direct and multiple violations of the Court order, docket No. 121203785 as it pertained to their gross malfeasance in regards to Plaintiff on their respective dates.

Movant states the following: **D. Plaintiff's Administrative and State Remedies for the first LTCF Revocation**

Plaintiff appealed the revocation to the Board. See id. at ¶ 54. On November 8, 2016, a hearing was held. Id. at ¶ 93. Plaintiff complains that, when the Board affirmed the revocation, "[n]o findings of fact or specific reasons were given for the affirmation." Id. at ¶ 55. Plaintiff further appealed this decision to the Philadelphia Court of Common Pleas. See Appeal, John Doe v.

Phila. Bd. of License and Inspection Review, No. 161200140 (Phila. C.C.P. Dec. 5, 2016).[1] On June 5, 2017, Richman, as counsel for the City, notified Plaintiff that his LTCF would be reinstated. Am. Compl. at ¶ 165 (ECF No. 4). Accordingly, the appeal to the Court of Common Pleas was dismissed as moot on July 12, 2017. See Order 7/12/17, John Doe, No. 161200140 (Phila. C.C.P. July 12, 2017).

34) If it pleases the court, please note the time of the hearing, November 8, 2016 and the mysterious notification of the return of Plaintiff's LTFC on June 5, 2017.
35) In the interim Plaintiff was offered a release and settlement agreement, which Plaintiff flat out rejected. Yet in an effort to avoid a court ruling on the unlawful procedures and protocols habituated by Defendants.
36) The LTCF was returned to Plaintiff prior to the scheduled court hearing as to secure a "Moot" judgment thereby in effect bypassing the checks and balances that are in place to prevent these types of abuses.
37) Defendants are well versed and well practiced in these types of loophole tactics, yet what they are not well verse and practiced in is the securing and protecting of the Rights, Freedoms, and Powers of which they have sworn or affirmed to do so under oath…
38) As Duly recognized by The Constitution of these United States, but have in innumerable accounts worked towards the circumvention thereof, and are an ugly blemish upon the higher notion of what this nation claims to hold dear.
39) I, the Plaintiff am the "Resolved", resolved in the maintenance, the integrity, and the fulfillment of the tenants of the Constitution of these United States as I, one of "We", The People, has pledged to do so for my prosperity and that of my fellow man.
40) To this End, Movant's Motion should be denied!

Movant states: **E. Plaintiff's June 16, 2017 Stop by Police and Subsequent LTCF Revocation** Prior to that dismissal, but in the week following the June 5, 2017 reinstatement, Plaintiff picked up his reinstated LTCF. See Am. Compl. at ¶¶ 165–166 (ECF No. 4). On June 16, 2017, Plaintiff was "accosted" by police while jogging. Id. at ¶ 168. Plaintiff refused to identify himself or comply with a request to see his LTCF. Id. at ¶¶ 171, 213. One of the officers allegedly stated, "As far as I know, your permit was revoked!" Id. at ¶ 209. Plaintiff was handcuffed and placed in a hot wagon "for more than 30 minutes." Id. at ¶ 170. Despite Plaintiff's complaint that the officers did not make "a simple phone call to ascertain" the status of his LTCF—albeit without Plaintiff having identified himself—the officers apparently determined at some point that

[1] A matter of public record may be considered by the Court on a motion to dismiss. See Grp. Against Smog & Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 127 (3d Cir. 2016). To provide a degree of brevity, the referenced filings from this action are not attached hereto but can be provided by undersigned counsel to the Court and Plaintiff upon request.

Plaintiff's LTCF was valid. See id. at ¶ 210, 231. Plaintiff was ultimately released without arrest but his firearm was seized. Id. at ¶¶ 173–74. Plaintiff was cited for a disorderly conduct. Code Violation Notice, Am. Compl. at 116, Ex. H (ECF No. 4).

Plaintiff quotes various disjointed and mostly unattributed statements he claims the officers made during the June 16, 2017 encounter. See Am. Compl. at ¶¶ 226–37 (ECF No. 4). The import of these statements is not made entirely clear by Plaintiff, although he presumably intends them to demonstrate some sort of malfeasance on behalf of the officers.

On June 20, 2017, Plaintiff's LTCF was again revoked as a result of the June 16, 2017 incident. See id. at ¶ 284. The revocation

letter indicated the revocation was for good cause and that Plaintiff failed to produce his LTCF, placing Plaintiff, police officers, and the community in danger. See Revocation Letter 6/20/17, Am. Compl. at 109, Ex F (ECF No. 3). Plaintiff again complains he was provided no notice or hearing prior to receiving the letter. Id. at ¶¶ 284–88 (ECF No. 4). On August 3, 2017, in response to a letter from Plaintiff, the PPD informed Plaintiff he could petition the courts for return of the LTCF. PPD Letter 8/3/17, Am. Compl. at 115, Ex. H (ECF No. 4). Plaintiff did not allege he appealed this revocation to the Board.[2]

41) As previously stated exact turn of events as they progressed in real time are captured and preserved to display without debate or question as to which party acted in a lawful manner.
42) Plaintiff at no time violated any, law, ordinance, or statue before, during, or after the incident(s). Defendants have however proceeded in making and maintaining a multitude of violations, even unto now, Defendants proceed in these violations against Plaintiff in a hostile retributive manner.
43) YET, there is NO Justice, For there is No Crime, Save that committed by those of a perverted and reprobate mind, the Defendants as they present themselves without honor, nor shame, mocking that which is True.
44) And once more again Movants Motion should be denied.

## Movant states: F. Allegations, or Lack Thereof, Concerning Defendants Brad Richman and Richard Ross, Jr.

Plaintiff's allegations concerning the individual Defendants Richman and Ross are sparse. Plaintiff alleges Richman "is mentioned several times in conjunction with the unlawful taking (stealing) of the firearm: 'GUN WAS TAKEN Per Brad Richman!" Am. Compl. at ¶ 237 (ECF No. 4) (emphasis omitted). It is not clear from the Amended Complaint who spoke to

[2] Undersigned counsel was recently informed that Plaintiff ultimately appealed the revocation and has a Board hearing scheduled for October 22, 2018.

Richman or when this direction was given. Finally, it is alleged that Brad Richman filed a motion to dismiss, apparently in the appeal of the first LTCF revocation. Id. at ¶ 333.

As to Ross, Plaintiff identifies him as the Police Commissioner and states, in conclusory fashion, that he "was involved in, promoted, ratified, condoned, advised in relation to, or otherwise [was] responsible for the issuance and revocation of LTCF, as well as responsible for the hiring, training and supervision" of the PPD and Gun Permit Unit. Id. at ¶ 3. Without specifying what actions Ross took in the revocations, Plaintiff seeks to hold Ross responsible for the alleged defects involved in the revocations of his LTCF. See, e.g., id. at ¶ 20, 39.

45) In short all allegations regarding the " taking" of the pertaining to instructions for forcible seizure, i.e. stealing of the gun "as per Brad Richman" as verbalized by one of the many violating officers, and regardless of a "Sparse" defense.
46) One can not be sparsely, dead, sparsely pregnant, "or" sparsely guilty, or innocent of an action or infraction the remarks implicitly implicate Richman as a catalysis in this incident.
47) Ross is also at implicated in that the unlawful revocation was invoked at his behest and under his authority, and… confirmation, and reconfirmation, as the Plaintiff made a personal effort to Ross to retrieve his personal property, which was REJECTED.
48) How Movant is able to suggest that Richman and Ross, in ANY way are not culpable in this matter would be laughable if not for the weight and seriousness involved in these offenses.

Movant further states: **Plaintiff's Complaint Should be Dismissed Because He Failed to Set Out a Short and Plain Statement of His Claims that Would Permit Defendants to Understand the Allegations Against Them**

49) However, this remark is absurd, in that the allegations summarily listed under "Complaint For Damages", then count by count list and recounted in the chronological order in which they transpired, in a paint by numbers fashion if you will…
50) If Defendants are in lack of the wherewithal to comprehend the factual allegations level against them, might Plaintiff suggest better counsel?1?
51) However, Movant makes a valid point as to the Plausibility standard that must be met in Plaintiff's pleading in accordance with the Iqbal citation.
52) The honorable court is also well aware that the high court has failed to define "Plausible" to ANY degree of **Concreteness,** the high court's definition of this most relevant component in pleadings is uber lacking in the conveyance of its' TRUE meaning to the court.
53) *Therefore, Plaintiff shall Motion to take leave to amend the Complaint, that it may meet the criteria necessary to bring the Defendants to Justice.*

According to Movant: **B. The Court Should Dismiss Plaintiff's Statutory and Constitutional Challenges to the Revocation of His LTCF Because His Ongoing State Proceedings Warrant Younger Abstention[3]**

As stated earlier, again Movant abuses Federal Rules of Civil Procedure 11(b)(1-4), once more, the key factor in the Younger v. Harris, 401 U.S. at 44–45 (1971)

54) The fact that the Plaintiff in that case, was a Defendant in a matter of criminality ,was the deciding factor in regards to the case's appeal determination, that being the case, This Plaintiff

, however is immune to a determination of that type for the mere fact that defendants hold no charges or violations against Plaintiff, nor are they able to meet ANY LAWFUL standard to do so.

55) Furthermore, this Plaintiff also qualifies for All (3) three exceptions to the Younger v. Harris ruling.

56) Furthermore, it is even more so ironic that the Defendants and Movant move this case to this Court's jurisdiction only to now request that it be dismissed for it not being in the State Court.

57) Plaintiff must remind the court that this Complaint was initially filed in the State Court by Plaintiff, and Defendants took it upon themselves to litigate this matter in the Federal Court and here we are.

58) It is Plaintiff's part and desire, that here we shall stay that this matter is not handled in the Defendants' customary loophole fashion. A manner in which Justice will not be served, but be relegated to an infinite holding cell, to be stifled, smothered, and left for dead.

59) Therefore, Plaintiff asks that Movant's Motion be denied, that Justice may prevail…

60) <u>*Defendants' have systematically without fail denied the Plaintiff access to the court, access to due process, and access to the U. S. Constitution for (3) three years next spring.*</u>

61) <u>**When will enough be enough**</u>??? These actions are egregious and defendants have made No effort to stop, nor act in the interest of justice, nor fairness for that matter. THEY, Must Be Stopped, for their actions spoil Us All and the Motion Must be denied.

62) This honorable court has Jurisdiction regarding these matters pursuant to 28 U.S.C. §1331, §1343, and §1367 as this action is brought under, inter alia, the $1^{st}, 2^{nd}, 4^{th}, 5^{th}, 6^{th}, 13^{th}$, and 14th Amendments of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of inalienable, indefeasible Rights, Freedoms, Powers, and Privileges, as well as

immunities guaranteed to Plaintiff, James Walker Moody.
63) Furthermore, All parties as well the lower courts, reside, operate, and "or" exist within the physical jurisdiction of this court as well.
64) *Moreover, the Plaintiff has standing and this case presents a clear and immediate controversy under Article III, as the actions of the Defendants threatens immediate and irreparable denial and abrogation of Plaintiff's Constitutionally protected, Rights, Freedoms, Powers, Privileges, and immunities as guaranteed by said document.*
65) Therefore, Movant's Motion that this court abstain from exercising its jurisdiction should be denied because Federal Constitutional issues cannot be eliminated by any state court's statutory construction, and abstaining would merely "loophole" and delay an adjudication that would otherwise protect and restore the rights of the Plaintiff.

Movant states: **C. The Court Should Dismiss Claims Against the Philadelphia Police Department, the Gun Permit Unit, and the Board of Licenses and Inspections Because They Are Not Legal Persons Subject to Suit**

Movant cites*, 53 Pa. Stat. § 16527, please check for accuracy*, Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (citing Philadelphia v. Glim, 149 Pa. Commw. 491, 613 A.2d 613 (1992)).

66) In Regalbuto v. City of Philadelphia, the City cited 53 Purdon's Pa.stat.Ann.§16257 as well. In Philadelphia v. Glim won an appeal based upon the fact that the Plaintiff failed to address the assertion that the Department was not a separate legal entity amenable to suit.
67) Plaintiff however addresses the assertion, that the agencies are not Legal Persons as such: The legal System of Civil Law is intellectualized and constructed within the framework of Roman Law.

68) In Roman Law slaves lacked *Legal* personhood; therefore, "Not Legal Persons" in the law.
69) However, a slave called Spartacus, a *non legal person*, took back his freedom and waged war on his oppressors, the Roman Empire.
70) The government that was the Roman empire, took *Legal Action against Spartacus a non legal person* in order to protect the Citizens of Roman from this **Non Legal Person**, whom it deemed a threat based upon evidence and factual allegations.
71) In the American Judicial System, slaves have also been relegated to a **legal non person** status, and having been confirmed by the Dred Scott decision this fact (sadly) can not be refuted, nor be denied and the truth shall set us free.
72) In this truth Plaintiff present the case of **Non Legal Person**, Nat Turner, who as Spartacus before, rose up against his oppressors to take back his freedom and wage war upon those that had taken it; he, whom the government deemed a threat to its Citizens was captured and tried in a court of law on Nov. 5, 1831, where evidence and allegations were wrought against this **Non Legal Person.**
73) Being found guilty this **Non Legal Person** was sentenced to death and was hung, flayed, and beheaded on Nov. 11, 1831 in Jerusalem, Virginia.
74) There are historical and legal precedents, these are but two that the courts failed in error to take in account regarding **Non Legal Person,** and the ability or the necessity of the government to take action against said entities.
75) Especially wherein said entities have the ability to or have acted upon the Citzenry in a negative manner or manner not conducive to the welfare or well being of the governed.
76) Moreover, ALL government being a product of the consensus of the people which form that society are duly obligated to protect these people that have relegated their collective power and authority to the maintenance and welfare of All.

77) The judicial System being an integral part of the American dynamic of government also has an Obligation of Duty to the protection of its Citizens.
78) Plaintiff, James Walker Moody is a Citizen as such and heir to these protections and invoke them as such, as the Actions of the Defendants have caused and seek to cause continual and irreparable harm and damage.
79) Therfore, Movant's Motion(s) should be denied.

For All of the aforementioned reasons and reasons yet to be mentioned Plaintiff hereby humbly request that Movant's Motion to be denied, in the interest of Justice.

Respectfully submitted,

Pro se Plaintiff, James W. Moody

612 E. Vernon rd.

Phila. Pa, 19119

215-252-0295

jameswalkermoody@gmail.com

Attorney in Fact, Paul Moody(jr.)

619, N. 67th St.

Phila. Pa., 19151

215-670-8237

BigDaddgi@gmail.com