# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JAMES W. MOODY,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 2:18-cv-02413 |
| | : | |
| v. | : | |
| | : | |
| **THE CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendant | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, it is **HEREBY ORDERED** that Plaintiff's Motion For Leave to File an Amended Complaint (ECF No. 9) is **DENIED**. To the extent Plaintiff seeks leave to obtain early discovery, Plaintiff's Motion is denied. Plaintiff may not request discovery from Defendants prior to the filing of an Answer by Defendants and a subsequent Rule 26(f) conference between the parties.

BY THE COURT:

_____
Juan R. Sánchez, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES W. MOODY,** | : |
| | : |
| | : **CIVIL ACTION** |
| Plaintiff, | : No. 2:18-cv-02413 |
| | : |
| v. | : |
| | : |
| **THE CITY OF PHILADELPHIA, et al.** | : |
| | : |
| Defendant | : |
| | : |

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

To the extent the Court construes Plaintiff James W. Moody's Motion for Leave to File an Amended Complaint as a motion for early discovery, this Court should deny this motion because he has not shown good cause for Defendants to prematurely identify "names, badge numbers, worker I.D. numbers, positions, ranks, and titles" of unspecified individuals presumably associated with the City of Philadelphia departments he has sued. Given the breadth of Plaintiff's Amended Complaint and the outstanding motion to dismiss the Amended Complaint, such discovery is unlikely to serve the interests of judicial economy as it would likely further diffuse Plaintiff's unfocused allegations.

Accordingly, Defendants the City of Philadelphia (the "City"), the Philadelphia Police Department, the Gun Permit Unit, Commissioner Richard Ross, Jr., the Board of License & Inspection, and Bradford A. Richman hereby oppose Plaintiff's Motion for Leave to File an Amended Complaint.

**I.     BACKGROUND**

Plaintiff brought suit against Defendants alleging civil rights violations primarily arising from two encounters with Philadelphia police officers and subsequent administrative hearings revoking his license to carry a firearm ("LTCF"). See generally Am. Compl. (ECF No. 4). Plaintiff's Amended Complaint spans 114 pages and concerns separate incidents occurring from May 2, 2016 to, at least, August 3, 2017. See, e.g., Am. Compl. at ¶¶ 115, 117–18 (ECF No. 4). Plaintiff's allegations identify, in part, various non-defendant individuals who took part in his police encounters or administrative hearings. See, e.g., Am. Compl. at ¶¶ 117–18 (ECF No. 4) (Plaintiff was "intercepted" by Officer Cave).

Defendants filed a second motion to dismiss the Amended Complaint alleging, *inter alia*, it was unduly unfocused in violation of Federal Rule of Civil Procedure 8(a) and that the Court should abstain from jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971), given the nature of the state hearings revoking Plaintiff's LTCF. 2d Mot Dismiss (ECF No. 8). Plaintiff has filed an opposition to this motion, (P.'s Opp. 2d Mot. Dismiss (ECF No. 10)), and the Court has not yet ruled on the motion.

After Defendants filed the second motion to dismiss, Plaintiff also filed a Motion for Leave to File an Amended Complaint. Mot. Am. Compl. (ECF No. 9). In this motion, Plaintiff requests "the time to Amend Complaint not be started until All of the names, badge numbers, worker I.D. numbers, positions, ranks, and titles be forwarded to Plaintiff." Mot. Am. Compl. at 1 (ECF No. 9). He attached to this motion a proposed order which would command the City produce this information. Mot. Am. Compl. at 3 (ECF No. 9). He does not describe which individuals he wants identified, beyond "Police Officers, Gun Unit Supervising Personnel, L&I Hearing board(s) as they were involved in both incidents surrounding this matter." Mot. Am. Compl. at 3 (ECF No. 9).

## II.     ARGUMENT

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. Proc. 26(d)(1). Neither the Rules nor the Third Circuit Court of Appeals have provided guidance or a standard to determine when early discovery is appropriate. Bath Auth., LLC v. Anzzi LLC, No. 18-00834, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018); Wiluna Holdings, LLC v. Does 1-50, No. 13-1143, 2013 WL 1336792, at *1 (E.D. Pa. April 3, 2013). Third Circuit district courts either apply an injunctive relief standard or a good cause standard. Bath Auth., LLC, 2018 WL 5112889, at *8 (denying early discovery).

Under the injunctive relief standard, the party seeking early discovery must demonstrate (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury allegedly avoided by early discovery is greater than the injury suffered by the party providing early discovery. Id.

Under the more commonly applied good cause standard, the moving party "must show the request is reasonable in light of the relevant circumstances." Id. at *8–9. Courts weigh the moving party's need against "the breadth of the discovery requests and the prejudice to the responding party." Id. at *9. Good cause is typically found where a party is seeking a preliminary injunction, where there is a risk of destruction of evidence, or where the case involves infringement or unfair competition. Id.

Under either of the standards laid out in Bath Authority, LLC, Plaintiff is not entitled to, and certainly has not made a showing that he is entitled to, early discovery. First, Plaintiff has not demonstrated any harm that will arise if he is required to wait to conduct discovery. For example, the City will have the identity of its employees as it proceeds through litigation and

3

there is no risk of its destruction. Second, there has been no showing that Plaintiff's request is reasonable particularly given the indeterminate breadth of the request and the current posture of the litigation. Plaintiff has not described the individuals about whom he wants more information. Instead, he simply asks the City to identify employees "as to be in the Civil Action." That is, Plaintiff asks the City to credit his allegations and to identify whom he should name as Defendants in his action. The City of course denies liability and has no basis to identify which individuals Plaintiff is seeking additional information on. Defendants would be prejudiced by having to interpret Plaintiff's broad request and reach conclusions about what is relevant to his claims.

This is particularly so where Plaintiff's allegations remain unfocused and a motion to dismiss on this basis is still pending. Given Plaintiff's previous pleadings, it seems likely that early discovery would burden the Defendants by requiring them to address even further allegations that are not short and plain statements of Plaintiff's claims. Put differently, Plaintiff has demonstrated he is familiar with certain individuals involved in his encounters with Defendants and has sufficient information to raise claims as he sees fit. He does not need additional discovery at this time and the Court, based on Defendant's motion to dismiss, should appropriately narrow the action to those legal claims—if any—that have been plausibly stated *before* early discovery further complicates this action.

### III. CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's request for early discovery.

Date: December 5, 2018               Respectfully submitted,

/s/ Andrew F. Pomager
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES W. MOODY,** | : |
| Plaintiff, | : CIVIL ACTION<br>: No. 2:18-cv-02413 |
| v. | : |
| **THE CITY OF PHILADELPHIA, et al.** | : |
| Defendant | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the foregoing Defendants' Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy has been served upon the Plaintiff by mail, postage prepaid, as follows:

James W. Moody
612 East Vernon Road
Philadelphia, PA 19119
*Appearing pro se*

Date:  December 6, 2018               Respectfully submitted,

                                                                             /s/ Andrew F. Pomager
                                                                         Andrew F. Pomager
                                                                         Assistant City Solicitor
                                                                         Pa. Attorney ID No. 324618
                                                                         City of Philadelphia Law Department
                                                                         1515 Arch Street, 14th Floor
                                                                         Philadelphia, PA 19102
                                                                         215-683-5446 (phone)
                                                                         215-683-5397 (fax)
                                                                         andrew.pomager@phila.gov