IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES W. MOODY,<br><br>                Plaintiff,<br><br>    v.<br><br>THE CITY OF PHILADELPHIA, et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 18-2413 |

# **ORDER**

**AND NOW**, this 5th day of April 2019, upon consideration of Defendants' Second Motion to Dismiss (Doc. No. 8), Plaintiff's Response to Second Motion to Dismiss (Doc. No. 10), Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 9), Defendants' Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 11), Plaintiff's Revision Response to Defendants' Motion (Doc. No. 12), Plaintiff's Request for Entry of Default (Doc. No. 13), Defendants' Motion to Deny Plaintiff's Request for Entry of Default (Doc. No. 14), and Plaintiff's Response to Defendant's Motion to Deny Entry of Default (Doc. No. 15), it is **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 9) is **GRANTED**.[1]

    The Court will construe Plaintiff's Revision Response to Defendants' Motion (Doc. No.

---

[1] On May 1, 2018, Plaintiff James W. Moody ("Plaintiff") initiated this case against Defendants the City of Philadelphia, the Philadelphia Police Department, the Gun Permit Unit of the Philadelphia Police Department, Commissioner Richard Ross, Jr., the Board of Licenses & Inspection, and Bradford A. Richman (collectively, "Defendants"), alleging violations of his state and federal constitutional rights in connection with the revocation of his license to carry a firearm ("LCTF"). (Doc. No. 1 at 8-15.) On June 8, 2018, Defendants timely removed the case to this Court. (Doc. No. 1.) The case was initially assigned to the Honorable Juan R. Sanchez, but was transferred to this Court on April 4, 2019. (Doc. No. 16.)

On June 14, 2018, Defendants moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 2.) On August 23, 2018, having received no response to the motion to dismiss from Plaintiff, Judge Sanchez entered an Order requiring Plaintiff to show cause as to why "Defendants' Motion should not be granted as unopposed." (Doc. No. 3.) On September 18, 2018, Plaintiff submitted a letter to the Court explaining his failure to timely respond to Defendants' motion and attaching a proposed amended complaint against Defendants. (Doc. No. 4.) On October 2, 2018, Judge Sanchez issued an Order construing Plaintiff's response to the Order to Show Cause as an amended complaint, and denying Defendants' motion to dismiss as moot. (Doc. No. 5.)

On October 23, 2018, Defendants filed a Second Motion to Dismiss the Amended Complaint. (Doc. No. 8.) On November 19, 2018, Plaintiff filed a Response to the Second Motion to Dismiss (Doc. No. 10), and, at the same time, also filed a Motion for Leave to File an Amended Complaint (Doc. No. 9). On December 5, 2018, Defendants filed a Response in Opposition to Plaintiff's Motion for Leave to Amend. (Doc. No. 11.) Then, on December 31, 2018, Plaintiff filed a "Revision Response" to Defendants' Second Motion to Dismiss. (Doc. No. 12.) Though titled a Revision Response to Defendants' Motion, in substance, the Court construes the Response as Plaintiff's Second Amended Complaint. (Id.)

On February 8, 2019, Plaintiff filed a Request for Entry of Default against Defendants, claiming that Defendants were in default for having never answered or otherwise responded to the "complaint" filed on December 31, 2018. (Doc. No. 13.) On February 11, 2019, Defendants filed a Motion to Deny Plaintiff's Request for Entry of Default. (Doc. No. 14.) In the Motion, Defendants explain that Plaintiff's Request for Entry of Default "is premised on Defendants' failure to respond to the Revision Response" and that the "Revision Response cannot, alone, be considered an amended complaint requiring a response because it was not filed pursuant to Rule 15." (Id. at 3.)

Federal Rule of Civil Procedure 15 governs amended pleadings and states, in relevant part, as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

12) as a Second Amended Complaint. The Clerk of Court is directed to refile Plaintiff's Revision Response to Defendants' Motion (Doc. No. 12) as the Second Amended Complaint.

2. Defendants shall have fourteen (14) days from the date of this Order to respond to the Second Amended Complaint.

3. Defendants' Second Motion to Dismiss (Doc. No. 8) is **DENIED WITHOUT PREJUDICE AS MOOT.**

---

Fed. R. Civ. P. 15(a). Rule 15(a)(2) controls here, meaning that Plaintiff must seek and obtain permission from the Court before filing an amended pleading.

As noted, on November 19, 2018, Plaintiff sought permission from the Court to amend his pleading (Doc. No. 9). Yet, while his Motion for Leave to Amend was still pending, Plaintiff filed his Revision Response to Defendants' Motion on December 31, 2018. (Doc. No. 12.) It is clear upon review of the Revision Response that the Response is Plaintiff's Second Amended Complaint. (Id.) However, because the Revision Response was filed before Plaintiff obtained permission from the Court to amend under Rule 15(a)(2), the Second Amended Complaint was simply a proposed pleading to which Defendants had no obligation to respond. As such, Defendants' failure to respond to Plaintiffs' Revision Response, despite the Revision Response being the Second Amended Complaint, does not render Defendants in default. Accordingly, Defendants' Motion to Deny Plaintiff's Request for Entry of Default (Doc. No. 14) will be granted.

In any event, the Court will grant Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 9). Rule 15(a)(2) instructs that courts should "freely give leave when justice so requires." In this case, Plaintiff seeks to amend the Amended Complaint so that he can include additional information on the parties who allegedly played a role in revoking his LTCF. (Doc. No. 9.) This information is relevant to Plaintiff's claims and included in the proposed Second Amended Complaint. (Doc. No. 12.) As such, the Court will grant Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 9), and order that the Clerk of Court refile Plaintiff's Revision Response to Defendants' Motion (Doc. No. 12) as the Second Amended Complaint. To be clear, the Second Amended Complaint will be the operative Complaint in this case.

Finally, because the Court will allow Plaintiff to file a Second Amended Complaint, Defendants' Second Motion to Dismiss (Doc. No. 8) will be denied without prejudice as moot. In accordance with Rule 15(a)(3), Defendants will have fourteen (14) days from the date of this Order to respond to the Second Amended Complaint.

4. Defendants' Motion to Deny Plaintiff's Request for Entry of Default is **GRANTED.**

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.
