# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## James W. Moody: Vs. :THE CITY OF PHILADELPHIA, et al. CIVIL ACTION No. 2:18-cv-02413

## PLAINTIFF(S)' RESPONSE TO THIRD MOTION TO DISMISS

One can only wonder, how…, how in the world is anyone at all is in jail, the prisons are filled to overcrowding and yet and still people are sent to jail every single day. The prisons are teaming with people that have been imprisoned on the slightest hint or implication, or flimsiest shreds of circumstantial evidence.

Yet, before this Court stands the Factual allegations and physical proof thereof the multiple and numerous misdeeds and violations of the Defendants, And still there is no relief, nor Justice, nor fairness granted to the victim of these Defendants.

Will this Court allow Me access to the court? Will this court allow Me access to Due Process? And will this court allow Me access to the Constitution? For if so, it has not been easily seen on the behalf of the Plaintiff and as such the Plaintiff respectfully avers the following that Justice may find it's way…

## *MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DENY DEFENDANT'S THIRD MOTION TO DISMISS*

1) Movant's 3rd Motion to Dismiss should be denied and Movant should be cited for flagrant violation of the Federal Rule of Civil Procedure 11(b)(1).

2) In a most unsavory manner Movant seeks once again to mislead the Court in a most unbecoming fashion regarding that the Court abstain from jurisdiction over Plaintiffs' Claims in this matter pursuant Younger v. Harris. 401 U.S. 37 (1971)

3) The **PROBLEM,** here however is that that case is predicated upon the fact that the Plaintiff, was also a Defendant that was charged with violating a statute and there was a question of guilt or innocence to be ascertained before the Court would hear the case.

4) Defendants and Movant know full well that Plaintiff is blameless of any and ALL violations or Charges and that the Younger v. Harris citing is both frivolous and reckless, without honor or merit and utterly unbecoming of the positions that they hold.

5) Moreover, upon reading the case one will find that there are (3) three exceptions to the Younger abstention: ALL of which would still apply to Plaintiff, had it been necessary, yet it is not…

6) However, they are: 1. Where the prosecution is in bad faith (i.e. The state knows the person to be innocent), *as is the case with Mr. Moody as the Defendants are unable to charge him with any violations as he did not commit Any Violations* - as applied in Dombrowski v. Pfister; or 2. Where the prosecution is part of some pattern of harassment against an individual(i.e. Mr Moody, Plaintiff); or 3. Where the law being enforced is utterly and irredeemably unconstitutional (e.g. if the state were to pass a law making it a crime to wear red hats in

Philadelphia, and only and only in Philadelphia, while the rest of the Commonwealth was free to wear whatever and whenever they wanted to in regards to hat wear…(???)

7) Plaintiff is most assuredly totally and utterly eligible and completely satisfies the appropriate and relevant aspects and conditions that are prerequisite and most applicable in this circumstance.

8) Furthermore, **Younger v. Harris**, 401 U.S. 37 (1971),[1] was a case in which the United States Supreme Court held that United States federal courts were required to abstain from hearing any civil rights tort claims brought by a person who is currently being prosecuted for a matter arising from that claim.

9) Which certainly is not the case, as Mr. Moody was never charged with any violations or crimes…NOTHING. As Plaintiff broke NO LAWS, NOR Violated NO LAWS OR ORDINANCES Federal, State, NOR Local.

10) Yet here we are as the Defendants under the color of law have willfully, systematically and repeatedly violated Plaintiff to the point of seeking justice under 42 U.S.C.§ 1983.

11) Moreover, The fact that the Plaintiff in that case, was a Defendant in a matter of criminality, was the deciding factor in regards to the case's appeal determination, that being the case, This Plaintiff, however is immune to a determination of that type for the mere fact that defendants hold no charges or violations against Plaintiff, nor are they able to meet ANY LAWFUL standard to do so.

12) Furthermore, this Plaintiff also qualifies for All (3) three exceptions to the Younger v. Harris ruling.

13) Further still, it is even more so ironic that the Defendants and Movant moved this case to this Court's jurisdiction only to now request that it be dismissed for it not being in the State Court.

14) Plaintiff must remind the court that this Complaint was initially filed in the State Court by Plaintiff, and Defendants took it upon themselves to litigate this matter in the Federal

Court and here we are.

15) It is Plaintiff's part and desire, that here we shall stay that this matter is not handled in the Defendants' customary loophole fashion. A manner in which Justice will not be served, but be relegated to an infinite holding cell, to be stifled, smothered, and left for dead.

16) Therefore, Plaintiff asks that Movant's Motion be denied, that Justice may prevail…

17) <u>Defendants' have systematically without fail denied the Plaintiff access to the court, access to due process, and access to the U.S. Constitution for (3) three years this spring.</u>

18) **When will enough be enough** ??? These actions are egregious and defendants have made No effort to stop, nor act in the interest of justice, nor fairness for that matter. THEY, Must Be Stopped, for their actions spoil Us All and the Motion Must be denied.

19) This honorable court has Jurisdiction regarding these matters pursuant to 28 U.S.C. §1331, §1343, and §1367 as this action is brought under, inter alia, the $1^{st}, 2^{nd}, 4^{th}, 5^{th}, 6^{th}, 13^{th}$, and 14th Amendments of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of inalienable, indefeasible Rights, Freedoms, Powers, and Privileges, as well as immunities guaranteed to Plaintiff, James Walker Moody.

20) Furthermore, All parties as well the lower courts, reside, operate, and "or" exist within the physical jurisdiction of this court as well.

21) *Moreover, the Plaintiff has standing and this case presents a clear and immediate controversy under Article III, as the actions of the Defendants threatens immediate and irreparable denial and abrogation of Plaintiff's Constitutionally protected, Rights, Freedoms, Powers, Privileges, and immunities as guaranteed by said document.*

22) Therefore, Movant's Motion that this court abstain from exercising its jurisdiction should be denied because Federal Constitutional issues cannot be eliminated by any state court's

statutory construction, and abstaining would merely "loophole" and delay an adjudication that would otherwise protect and restore the rights of the Plaintiff.

23) **The Voluminous and Unfocused Nature of the Amended Complaint**
24) Movant asserts that Plaintiff's allegations are "largely duplicative, conclusory, editorial, or irrelevant."
25) "Duplicative", yes they are, the allegations are indeed duplicated twice as it were, do to the simple fact that the Defendants acted in precisely the same manner in both instances in violation of Plaintiff's Constitutionally protected Rights, Freedoms, and Powers, and in direct violation of Court order, docket No. 121203785.
26) However, having seemingly "gotten away" with their earlier violations and indiscretions, Defendants' apparently "notched it up" in the second and more provocative encounter with Plaintiff.
27) "Conclusory" ???, It would seem that Movant drew conclusions based upon prior and personal knowledge of Defendants' modus operandi, since Plaintiff merely stated what occurred during each encounter and made no, nor suggested any conclusions as this is the function of the court, said conclusions being drawn from the substantive factual allegations provided by the Plaintiff that have been submitted in plausible terms.
28) "Editorial" ???, a matter of opinion one must suppose, as the Movant, is negligent in expressing how, and or to what degree...
29) Finally, " or irrelevant", this is powerful word, "or" is a pivotal word, this (2) two letter word has the ability to change time, temperature, places, things, texture, and here even context.
30) Relevant "or" irrelevant, right "or" wrong, day "or" night, etc., etc., etc...But, how, and why are these allegations "irrelevant"??? Does the Movant know "or" doesn't he???

31) As Movant epically fails to state how the "allegations are out of order and unfocused" Movant, is remiss in providing substantive facts upon which one might draw a workable "or" reasonable basis to conclusion and provides NO evidence to support either of these statements. None...

32) For the record, there were no exhibits attached to the document as it were as it could not be filed as an Amended Complaint as Movant wasted the court's time in triviality in an effort to deny Plaintiff access to the court.

33) Moreover the court already has the exhibits in its' possession as they were filed with the first complaint. Also, if there are any items or documents that are desired by any and all parties, they shall be furnished upon request (ASAP).

34) **Plaintiff's May 2, 2016 Stop by Police and Subsequent LTCF Revocation**

35) Movant notes that "Officer Cave . . . testified that the sole reason he stopped [Plaintiff] was because he was carrying a firearm." Id. at ¶ 118." However, Movant conveniently fails to mention that the officer also stated that he did not suspect the Plaintiff of a crime...

36) This would turn a Terry Stop into a Pretextual stop it would seem, Commonwealth v. Parker 2017 pertains to officers making unlawful stops...As was the case in this matter concerning Plaintiff. Still in violation of the Court order, making this and all elements of this illegal stop, unlawful.

37) Furthermore, in actuality what truly occurred was that Officer Cave stopped Plaintiff for a utterly legal and lawful activity, however as he was acting under the color of law and under the unlawful mandate and policy of the Philadelphia Police department flagrant violations of the state and Federal Constitutions occurred at Mr. Moody's expense. As well as being in direct violation of Court order, docket No. 121203785.

38) **Plaintiff's June 16, 2017 Stop by Police and Subsequent LTCF Revocation : Movant states that,**

39) "The week following the June 5, 2017 reinstatement, Plaintiff picked up his reinstated LTCF. See 2d Am. Compl. at ¶¶ 87–88 (ECF No. 18). On June 16, 2017, Plaintiff was "accosted" by police while jogging. Id. at ¶ 88. Plaintiff refused to identify himself "

40) [2] "A matter of public record may be considered by the Court on a motion to dismiss. See Grp. Against Smog & Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 127 (3d Cir. 2016). To provide a degree of brevity, the referenced filings from this action are not attached hereto but can be provided by undersigned counsel to the Court and Plaintiff upon request."

41) "or comply with a request to see his LTCF. See YouTube Video 1[3] at 2:30 et seq; see also Am. Compl. at ¶¶ 171, 213 (ECF No. 4). One of the officers stated, "As far as I know, your permit was revoked!" YouTube Video 1, at 2:30; also, Am. Compl. at ¶ 209 (ECF No. 4). Plaintiff was detained "in a sweat box," that he does not otherwise describe. 2d Am. Compl. at ¶ 97, 213. The officers learned at some point that Plaintiff's LTCF was valid. Id. at ¶ 98. Plaintiff was ultimately released but his firearm was seized. See id. at ¶¶ 97, 157, 213. Plaintiff was cited for a disorderly conduct. Code Violation Notice, Am. Compl. at 116, Ex. H (ECF No. 4)."

42) "Plaintiff quotes various select, disjointed, and often unattributed statements he claims the officers made during the June 16, 2017 encounter. See 2d Am. Compl. at ¶¶ 90–101 (ECF No. 18).[4] The import of these statements is not made entirely clear by Plaintiff, although he presumably intends them to demonstrate some sort of malfeasance on behalf of the officers."

43) "On June 20, 2017, Plaintiff's LTCF was again revoked as a result of the June 16, 2017 incident. See id. at ¶ 175–80. The revocation letter indicated the revocation was for good cause and that Plaintiff failed to produce his LTCF, placing Plaintiff, police officers, and the community in danger. See Revocation

Letter 6/20/17, Am. Compl. at 109, Ex F (ECF No. 4). Plaintiff again complains he was provided no notice or hearing prior to receiving the letter. 2d Am. Compl. at ¶¶ 175–76 (ECF No. 4)."

44) [3] "*Philadelphia Police Department at it again targeting James W. Moody "you have to prove evidence,"* YouTube, **(Correction, the subtitle reads: "you have to prove innocence", to which the officer said "Yes, you do!)** https://youtu.be/mFhQXPGkBLk (hereinafter, YouTube Video 1). As previously stated, Plaintiff refers to the video in the Second Amended Complaint and quotes selectively from it. See 2d Am. Compl. at ¶ 97 (ECF No. 18)."

45) [4] "Defendants do not agree with the characterization of most of these statements when compared to video referenced by Plaintiff. See id. at ¶ 97. But in at least one instance, Plaintiff appears to entirely misrepresent that Officer Ramirez "stated on video" that he was under orders "to arrest [Plaintiff] on sight." Id. at ¶ 90. This is entirely unsupported by video referenced by Plaintiff. See, e.g., YouTube Video 1 at 5:40 ("I'm investigating you.")." **( Plaintiff made no attempt to misrepresent anything, statements made and the actions of the primary and the responding officers were tantamount to the official TARGETING of Plaintiff, and the "I'm investigating you!" remark resulted from Plaintiff's accusation of the theft of his firearm.)**

46) "On August 3, 2017, in response to a letter from Plaintiff, the PPD informed Plaintiff he could petition the courts for return of the LTCF. PPD Letter 8/3/17, Am. Compl. at 115, Ex. H (ECF No. 4)."

47) Movant once more fails to deliver the whole truth, and in doing so misleads this Court… According to the recording of this particular incident the Officers already knew who the plaintiff was, furthermore one of the officers said that they were told Plaintiff's license was revoked, however, he was

unable to state who had given that false information, and the accompanying officer did everything in his power to derail thr conversation.

48) It is an absolute certainty that one would be unable to accost (**TARGET**) a certain particular individual, unless one knew who that particular individual was. THIS, is an absolute certainty.

49) Moreover, Pennsylvania is not a "Stop and Identify" state and Plaintiff was under no legal "or" lawful obligation to do so..., as well as the fact that Plaintiff told the officers that he had no I.D. on him at the time, just before they locked him up.

50) Interestingly enough one of the officers asked if Plaintiff was Mr. Moody just before they placed him handcuffed in the back of the "Sweatbox".

51) "Plaintiff quotes various disjointed and mostly unattributed statements he claims the officers made during the June 16, 2017 encounter. See Am. Compl. at ¶¶ 226–37 (ECF No. 4). The import of these statements is not made entirely clear by Plaintiff, although he presumably intends them to demonstrate some sort of malfeasance on behalf of the officers. "

52) Again Movant abuses Federal Rules of Civil Procedure 11(b)(1-4), had the Movant reviewed the recordings of the unlawful encounter in accordance with *his **DUTY**,* of due diligence as an agent of the court, and not cherry picked through the mountain of evidence against the Defendants: the so called presumption would have been crystal clear "or" clear as a bell as it were, for this evidence is undeniable and irrefutable in its' cause, purpose and scope in demonstration and display of the malicious execution of the malfeasance of the Defendants and Co-defendants.

53) This is made exceedingly clear, as the officer with Ramirez boldly states that the case will be throw out of court anyway...

54) Furthermore, in both incidents and at both times, Defendants were in direct and multiple violations of the Court order, docket No. 121203785 as it pertained to their gross

malfeasance in regards to Plaintiff on their respective dates. And in both instances, they accosted and violated Plaintiff for engaging in completely legal and lawful activities.

55) What seems to be lost upon the Movant and this band of Defendants is that one may not cross back and forth over the threshold of Lawful and Unlawful.

56) Once one violates the Law, one becomes a breaker of the Law, therefore all that proceeds thereafter is Lawlessness, in total complete utter violation of the LAW. It would seem that Plaintiffs seek a license and Court approval to break the LAW at will.

57) The initial stops in both instances were unlawful, as the officers violated Plaintiff for engaging in legal lawful activities…

58) Plaintiff prays that the Court educate the Defendants in the error of their ways and demand a recompense for their willful disobedience of the LAW.

59) **Allegations, or Lack Thereof, Concerning Defendants Brad Richman and Richard Ross, Jr.**

60) "Plaintiff's allegations concerning the individual Defendants Richman and Ross are sparse. Plaintiff complains of Richman's conduct, as an advocate for the City, during one of the hearings. See 2d Am. Compl. at ¶ 135 (ECF No. 18). During the second police encounter, one of the officers allegedly said "gun was taken per Brad Richman," in reference to the paperwork, although it is unclear how or when this direction was given. Id. at ¶ 101."

61) "As to Ross, Plaintiff identifies him as the Police Commissioner and describes in conclusory fashion his oversight of and policymaking capacity for the PPD and Gun Permit Unit. Id. at ¶ 6. Without specifying what actions Ross took in the revocations, Plaintiff attributes them to him. See, e.g., id. at ¶ 67 ("Commissioner Ross' revocation . . . .")."

62) In short all allegations regarding the " taking" of the pertaining to instructions for forcible seizure, i.e. stealing of

the gun "as per Brad Richman" as verbalized by one of the many violating officers, and regardless of a "Sparse" defense.

63) One can not be sparsely, dead, sparsely pregnant, "or" sparsely guilty, or innocent of an action or infraction the remarks implicitly implicate Richman as a catalysis in this incident.

64) As indicated by one of the violating officers who verbalized that the firearm would be taken "Per Brad Richman" as confirmed by Lieutenant King.

65) What is quite disturbing here is that Brad Richman hold NO lawful position of authority with the Phila. Police Dept.

66) Therefore in issuing orders to seize the property of the Plaintiff, Defendant did in fact implicate himself in the unlawful seizure (theft) of the firearm, as he holds NO official nor Lawful office or title in the Police Force.

67) Ross is also at implicated in that the unlawful revocation was invoked at his behest and under his authority, and… confirmation, and reconfirmation, as the Plaintiff made a personal effort to Ross to retrieve his personal property, which was REJECTED by Ross.

68) Furthermore, As Ross has usurped the authority of the Sheriff as in pertains to Pa. Gun Laws and the authority to grant and revoke LTCF. He as well has implicated himself as well as the granting and revocation power reside solely under HIS authority. Hence, he is, was, and at all times will be directly responsible for these violations against the Plaintiff. Pursuant Title 18 Pa. C.S.A.§ 6109

69) How Movant is able to suggest that Richman and Ross, in ANY way are not culpable in this matter would be laughable if not for the weight and seriousness involved in these offenses and the flagrant disregard for the LAW. As these actions meet the all of the elements of the Monell Claim as Richman initiated the unlawful taking/theft of the firearm and Ross cosigned on ALL of the actions of his agents.

70) Movant's **Argument** is nonsensical and frivolous, in that

Plaintiff has conformed to all of the requirements as noted in Rule 8(a)1-3 and the citation of Bolick v. NE Indus Servs. Corp. reeks of desperation. As that complaint was all over the place, and the Complaint by Plaintiff is pretty much "paint by numbers".

71) As were the Prescriptions of Rule 12(b)(6) all in keeping with the Plausibility standard introduced by both Iqbal and Twombly…

72) Furthermore, the Movant fails to state **How, When, and Where,** Plaintiff deviated from these standards, Movant offers absolutely NO evidence whatsoever, pertaining to the alleged deficiencies and seeks to deny Plaintiff's cause based on groundless allegations as to the worthiness of Plaintiff's Complaint.

73) The SAME Complaint, submitted as Revision Response, that immobilized Movant and Defendants for 40 days, until being forced to respond to the Entry of Default, that this Court denied, thus allowing the evasion of total and utter defeat.

74) Therefore, it would seem highly unlikely that the complaint failed to meet the prerequisite requirements as dictated in the Rules of Civil Procedure, for if it were not so, one would assume that Council would have dispensed with the insufficient Complaint immediately.

Movant states: **C. The Court Should Dismiss Claims Against the Philadelphia Police Department, the Gun Permit Unit, and the Board of Licenses and Inspections Because They Are Not Legal Persons Subject to Suit**

Movant cites, ***53 Pa. Stat. § 16527***, Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (citing Philadelphia v. Glim, 149 Pa. Commw. 491, 613 A.2d 613 (1992)).

75) In Regalbuto v. City of Philadelphia, the City cited 53 Purdon's Pa.stat.Ann.§16257 as well. In Philadelphia v. Glim won an appeal based upon the fact that the Plaintiff failed to

address the assertion that the Department was not a separate legal entity amenable to suit.
76) Plaintiff however addresses the assertion, that the agencies are not Legal Persons as such: The legal System of Civil Law is intellectualized and constructed within the framework of Roman Law.
77) In Roman Law slaves lacked *Legal* personhood; therefore, **"Not Legal Persons" in the law.**
78) However, a slave called Spartacus, a *non legal person*, took back his freedom and waged war on his oppressors, the Roman Empire.
79) The government that was the Roman empire, took *Legal Action against Spartacus **a non legal person*** in order to protect the Citizens of Roman from this **Non Legal Person,** whom it deemed a threat based upon evidence and factual allegations.
80) In the American Judicial System, slaves have also been relegated to a **legal non person** status, and having been confirmed by the Dred Scott decision this fact (sadly) can not be refuted, nor be denied and the truth shall set us free.
81) In this truth Plaintiff presents the case of **Non Legal Person,** Nat Turner, who as Spartacus before, rose up against his oppressors to take back his freedom and wage war upon those that had taken it; he, whom the government deemed a threat to its Citizens was captured and tried in a court of law on Nov. 5, 1831, where evidence and allegations were wrought against this **Non Legal Person.**
82) Being found guilty this **Non Legal Person** was sentenced to death and was hung, flayed, and beheaded on Nov. 11, 1831 in Jerusalem, Virginia.
83) There are historical and legal precedents, these are but two that the courts failed in error to take in account regarding **Non Legal Person,** and the ability or the necessity of the government to take action against said entities.
84) Especially wherein said entities have the ability to or have

acted upon the Citzenry in a negative manner or manner not conducive to the welfare or well being of the governed.

85) Moreover, ALL government being a product of the consensus of the people which form that society are duly obligated to protect these people that have relegated their collective power and authority to the maintenance and welfare of All.

86) The judicial System being an integral part of the American dynamic of government also has an Obligation of Duty to the protection of its Citizens.

87) Plaintiff, James Walker Moody is a Citizen as such and heir to these protections and invoke them as such, as the Actions of the Defendants have caused and seek to cause continual and irreparable harm and damage.

88) Therefore, Movant's Motion(s) should be denied.

For All of the aforementioned reasons and reasons yet to be mentioned Plaintiff hereby humbly request that Movant's Motion to be denied, in the interest of Justice.

Respectfully submitted,

Pro se Plaintiff, James W. Moody

5/13/19

612 E. Vernon rd.

Phila. Pa, 19119

215-252-0295

jameswalkermoody@gmail.com